UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RADHA BOLIVAR and ANGELICA GOATACHE<br><br>Plaintiffs,<br><br>v.<br><br>HMD TRUCKING, INC. and ANTONIO WORTHAM<br><br>Defendants. | ) | Case No. 1:24-cv-00155-TRM-MJD |

**ORDER**

Before the Court is Defendants HMD Trucking, Inc., and Antonio Wortham's ("Defendants") motion to quash, or in the alternative, for a protective order [Doc. 26].[1] The subject matter of the motion is a subpoena issued by Plaintiffs Radha Bolivar and Angelica Goatache ("Plaintiffs") on February 18, 2025 (the "Subpoena"), directed to an entity called Netradyne, Inc., ("Netradyne") [Doc. 26-1]. Plaintiffs filed their response on March 10, 2025 [Doc. 28]. Defendants did not file a reply and the time for so doing has passed. *See* E.D. Tenn. L.R. 7.1. The motion is now ripe for the Court's review.

The Subpoena commands Netradyne to produce "[a]ny records, documents, videos, or photographs in your possession related to Antonio Wortham, driver for HMD Trucking, Inc." [Doc. 26-1]. Defendants do not explain what Netradyne is[2] or argue that the information sought in

---

[1] According to the motion, Mr. Wortham's first name is actually spelled "Antiono." The Court uses the spelling from the pleadings.

[2] Nor do Plaintiffs provide any clarity in their response. In short, the Court has no way to determine—and neither side makes issue of—whether the requested information is relevant.

the Subpoena is irrelevant or disproportionate to the needs of the case. Rather, Defendants' motion is premised exclusively on their argument that the Subpoena is overbroad because it does not contain any temporal restrictions [Doc. 26 at Page ID # 117]. Plaintiffs oppose the motion on the sole basis that Defendants lack standing to quash the Subpoena [Doc. 28].

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Focus Health Group, Inc. v. Stamps*, No. 3:19-CV-452-TRM-HBG, 2020 WL 7774906, at *2 (E.D. Tenn. Dec. 30, 2020) (quoting *Diamond Resorts Int'l, Inc. v. Phillips*, No. 3:17-CV-01124, 2018 WL 4328257, at *2 (M.D. Tenn. July 16, 2018)). Defendants do not assert *any* personal right or privilege regarding the documents sought, and therefore lack standing to quash the Subpoena.

That does not end the inquiry, however, because Defendants seek, in the alternative, "a protective order limiting the Subpoena to a specific time before and up until the Accident pursuant to Federal Rules of Civil Procedure 26 and 45." [Doc. 26, ¶ 8]. "[W]here a party's standing may fall short to quash a subpoena under Rule 45, Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf." *Focus*, 2020 WL 7774906, at *2 (quoting *Diamond Resorts*,, 2018 WL 4328257, at *2). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

"The burden of establishing good cause for a protective order rests with the movant[,]" who "must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed. App'x 498, 500

(6th Cir. 2001); *see also In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (party moving for a protective order must show good cause, "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statement."). "A movant can satisfy Rule 26(c)'s 'good cause' requirement by showing that the proposed discovery is irrelevant." *Robinson ex rel. T.R. v. Eli Lilly & Co.*, No. 5:17-388-KKC, 2019 WL 4803224, at *1 (E.D. Ky. Oct. 1, 2019) (citing *Anwar v. Dow Chem. Co.* 876 F.3d 841, 854 (6th Cir. 2017)).

As noted above, Defendants argue only that "[t]he Subpoena is broad with no restrictions in time or subject matter." [Doc. 26 at Page ID # 117]. This conclusory statement is not supported by any articulable or specific facts showing a clearly defined and serious injury resulting from the requested information. Nor is it accompanied by an argument that the requested information is irrelevant. Thus, the Court finds Defendants have failed to show good cause sufficient to issue the requested protective order.

Accordingly, the Court **DENIES** Defendants' motion to quash [Doc. 26]. The Court further **ORDERS** that, if properly served[3] with the Subpoena, Netradyne **SHALL** produce the documents requested in the Subpoena [Doc. 26-1] on or before **April 4, 2025**.[4] The Clerk is respectfully **DIRECTED** to mail a copy of this order to Netradyne, Inc., 9171 Towne Centre Dr. Ste. 110, San Diego, CA 92122.

SO ORDERED.

ENTER:

---

[3] Defendants note in their motion that "[u]pon information and belief, Netradyne has been served with the Subpoena." [Doc. 26, ¶ 5].

[4] The Subpoena originally commanded compliance by March 7, 2025 [Doc. 26-1].

/s/

MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE