**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

RADHA BOLIVAR and ANGELICA GOATACHE,

Plaintiffs,

v.

HMD TRUCKING, INC. and ANTONIO WORTHAM,

Defendants.

Case No. 1:24-cv-155

**RESPONSES AND OBJECTIONS BY NON-PARTY NETRADYNE, INC. TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Non-Party, NETRADYNE, INC. ("Netradyne"), hereby responds to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action by RADHA BOLIVAR and ANGELICA GOATACHE ("Subpoenaing Parties"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, applicable local rules of this Court and the compliance court, the Southern District of California.

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

The following objections and responses are given without prejudice to Netradyne's right to amend or supplement its objections and responses, if necessary, at a later date or following further investigation.

No admissions of any nature are implied or should be inferred from this response. Furthermore, Netradyne's responses are not to be construed as admissions that any of the requested documents exist or that any contentions or assumptions in the Subpoena, whether implicit or explicit, are correct. Netradyne makes these responses and objections without waiving, or intending to waive, its right to file a motion to quash the Subpoena or any part thereof to which these responses and objections are addressed.

## GENERAL OBJECTIONS

Netradyne interposes the following general objections to the deposition topics and document requests attached to the Subpoena. These objections are made to the Subpoena and deposition topics



United States District Court
Eastern District of Tennessee

and document requests (the "Requests") in general, as well as to each and every individual request, and are incorporated by reference into each specific response set forth below. Each individual response therefore is made subject to, and without waiver of, the following general objections.

1. Netradyne objects to the Subpoena on the grounds that it seeks to impose a substantial and costly burden on Netradyne, a nonparty, and that the Requests, individually and collectively, are overbroad, unduly burdensome and harassing, and in any event would yield little or no relevant information in addition to what is already available to Subpoenaing Parties, or which Subpoenaing Parties can acquire itself or through other sources.

2. Netradyne objects to the Subpoena to the extent that it seeks information and documents that are neither relevant to the above-captioned matter, nor are reasonably calculated to lead to the discovery of admissible evidence.

3. Netradyne objects to each Request to the extent that it seeks documents from Netradyne that also may be in the possession of any party to this action on the grounds that it is unduly burdensome and harassing to require a third-party to gather, review, and produce those documents. Subpoenaing Parties needs to seek discovery from itself or other sources pursuant to applicable provisions of the Code of Civil Procedure. To the extent the Subpoena is not consistent with the applicable requirements of the Code of Civil Procedure and/or any other applicable law, or shifts the burden and expense of discovery to Netradyne as a third-party, Netradyne objects on that basis as unduly burdensome and harassing.

4. Netradyne objects to each Request to the extent that it seeks production of "Any and all DOCUMENTS" regarding a particular topic or subject on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Netradyne is not searching its entire organization for "Any documents and/or communications". Netradyne and its counsel are exercising reasonable diligence and judgment based on their knowledge of the matters, the scope of litigation, and the other information available to them to form reasonable estimations and judgments about the probable location of documents and information within the scope of these responses and objections and is searching for potentially

responsive documents on that basis and in light of Netradyne's status as a non-party. Netradyne objects to any effort to impose any greater burden or obligation on it under the circumstances.

5. Netradyne objects to each request for production to the extent that it includes confidential business information within the scope of materials requested. Subject to its other objections, to the extent Netradyne produces any confidential business information, such information shall be subject to the protective order entered in this case.

6. Netradyne objects to each and every request to the extent that it could be construed to call for information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, Federal Rule of Evidence 501 (which recognizes and, to the extent it applies, defers to California Evidence Code §1157), or any other applicable privilege, doctrine, or right of privacy. If any privileged or otherwise protected documents are produced by Netradyne, such production would be inadvertent and does not constitute a waiver of any privilege, immunity, or protection from discovery.

7. The foregoing general objections are hereby incorporated into each of the responses set forth below as though fully stated therein.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Any records, documents, videos, or photographs in your possession related to Antonio Wortham, driver for HMD Trucking, Inc.

**RESPONSE TO REQUEST NO. 1:**

In addition to its General Objections, Netradyne specifically objects to this request on the grounds that it is overbroad and unduly burdensome and calls for information that may be or has been obtained from another source that is more convenient, less burdensome, and/or less expensive. Netradyne objects to this request to the extent it seeks documents not within Netradyne's possession, custody, or control. Netradyne also objects to this request to the extent it seeks documents protected from discovery. Netradyne objects to each Request to the extent that it seeks production of "All documents" regarding a particular topic or subject on the ground that such request is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible

evidence. Third-party Netradyne is not required to search its entire organization for "Any documents." Netradyne and its counsel are exercising reasonable diligence and judgment based on their knowledge of the matters, the scope of litigation, and the other information available to them to form reasonable estimations and judgments about the probable location of documents and information within the scope of these responses and objections and is searching for potentially responsive documents on that basis and in light of Netradyne's status as a non-party. Netradyne objects to any effort to impose any greater burden or obligation on it under the circumstances. In addition, Netradyne objects to the subpoena to the extent that it seeks information and documents that are neither relevant to the above-captioned matter, nor are reasonably calculated to lead to the discovery of admissible evidence. The scope is unduly expansive and seeks documents and information that are not relevant to the issues currently before the Court. The breadth of the request far exceeds what is necessary to establish a factual basis for the litigation. The request seeks production and review of an indiscriminate volume of "records, documents, videos, or photographs." Such request is unduly burdensome and imposes significant economic and administrative costs to Netradyne as a non-party, in violation of the discovery limitations established in Rule 45 of the Federal Rules of Civil Procedure. Further objection is made to this request to the extent it seeks documents or information that are or may be subject to the attorney-client privilege, attorney work product doctrine, confidential, privileged, or such other sensitive designation. Accordingly, the subpoena must be reasonably restricted so any request for privileged material is expressly identified and appropriately limited. Still further, the request does not adequately describe or limit the materials sought. Vagueness makes it impossible for Netradyne as a non-party to ascertain with any reasonable certainty what information is actually needed, thereby precluding a proper response without unnecessary delay or risk of overproduction--the subpoena lacks definitions and is fatally ambiguous.

Subject to and without waiving the foregoing general and specific objections, Netradyne conducted a reasonable and diligent search in response to the subpoena and responded and previously produced a limited production of documents, identified by Bates Nos. ND_000001-ND_000009,

including video clips, directly to the parties via SharePoint link on April 4, 2025. Netradyne also responded that its search was continuing and sought a meet and confer. Netradyne reserves all rights.

Respectfully submitted,

NETRADYNE, INC.

By: /s/ *Deval Zaveri*
Deval Zaveri, Esq., SVP Legal,
*Calif. Bar No. 213501*
Legal Department
9171 Towne Centre Drive, Suite 110
San Diego, California 92122
dev.zaveri@netradyne.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **RESPONSES AND OBJECTIONS TO SUBPOENA BY NON-PARTY, NETRADYNE, INC., TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** has been delivered to all parties at interest in this cause via email to counsel as follows:

1. Timothy O. Henshaw, Esq., Counsel for Subpoenaing Parties/Plaintiffs, Radha Bolivar and Angelica Goatache (Thenshaw@asilpc.com); and
2. Mary Beth Haltom White, Esq., Counsel for Defendants, HMD Trucking, Inc. and Antonio Wortham (mbwhite@lewisthomason.com)

Executed this 16th day of April 2025, at San Diego, California

/s/ *Christina Hough*
Christina Hough