IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RADHA BOLIVAR and<br>ANGELICA GOATACHE,<br><br>Plaintiff,<br>v.<br><br>HMD TRUCKING, INC., and<br>ANTONIO WORTHAM<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-00155-TRM-MJD |

**NONPARTY, NETRADYNE, INC.'S, RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY NONPARTY NETRADYNE, INC. SHOULD NOT BE HELD IN CONTEMPT AND FOR SANCTIONS**

Nonparty, Netradyne, Inc., by and through counsel, hereby submits the following response to the Plaintiffs' Motion for Order to Show Cause (Doc. 33).

## PRELIMINARY STATEMENT

Under Rule 45 of the Federal Rules of Civil Procedure, the Plaintiffs' subpoena served on Netradyne cannot be enforced in the Eastern District of Tennessee. Rather, any enforcement must be pursued in the Southern District of California. Consequently, Plaintiffs' motion is procedurally improper and should be denied.[1]

[1] This response focuses on the procedural requirements that render the enforcement of the subpoena improper in this district. Netradyne reserves the right to address its substantive objections to the subpoena when the issue is in the correct procedural posture.

## BACKGROUND

Netradyne specializes in providing data based technology to clients in the transportation industry that assists in improving driver performance and morale, increases driver safety scores, and reduces accidents. (Zaveri Decl. ¶ 3.)[2] Defendant HMD Trucking, Inc. is a Netradyne customer. Netradyne is incorporated in the state of Delaware and operates from its principal place of business in San Diego, California. (*Id.* ¶ 4.)

On or about February 21, 2025, Plaintiffs served a subpoena on Netradyne's agent for service of process in Glendale, California.[3] (Doc. 33-1 at 10; 33-5). The subpoena sets forth the place of compliance as "591 Camino de la Reina #1020, San Diego, CA 92108," which is located within the jurisdiction of the Southern District of California (but is not Netradyne's address). (Doc. No. 33-4). In written correspondence dated February 21, 2025, Netradyne notified Plaintiffs' counsel of its objections to producing the electronically stored information without a protective order in place, and Netradyne requested that Plaintiffs' counsel provide a copy of a protective order to protect its confidential, proprietary, and other important business information. (Doc. 33-1 at 10.) In the following days, Netradyne continued to work with Plaintiffs' counsel to identify the information (i.e., the device ID/Serial number) necessary for Netradyne to determine the existence and location of the requested information. (Doc. 33-1 at 8-9.)

On March 5, 2025, Defendants' counsel notified Netradyne that it filed a motion to quash Plaintiffs' subpoena in the Eastern District of Tennessee. (Zaveri Decl. ¶ 5; Doc. 26.) Netradyne was not served with the motion to quash, was not a party to it, and had not worked with Defendants' counsel in filing it. (Zaveri Decl. ¶ 6). Subsequently, on March 21, 2025, Netradyne was notified

[2] The declaration is attached hereto as Exhibit 1.
[3] The affidavit of service filed by Plaintiffs erroneously notes "Glendale, GA" instead of "Glendale, CA." (Doc. 33-5.)

by Plaintiff's counsel that the Court had denied Defendants' motion to quash and ordered Netradyne to comply with the subpoena by producing the requested documents by April 4, 2025. (Doc. 31.)

On March 28, 2025, Netradyne and Plaintiffs' counsel discussed the scope of the subpoena and the burdens and costs associated with Netradyne's compliance. Netradyne articulated that the storage of this data was unique, and the methods to search for this data was time consuming; hence Plaintiff's subpoena, which was not bound by any time limit, was "cumbersome and expensive." (Doc. 33-1 at 1). Netradyne again communicated the need for a protective order and notified Plaintiffs that its counsel was planning on being out of the country from March 31 to April 6. (*Id.*) Netradyne supplied both Plaintiffs' and Defendants' counsel with a draft form protective order on April 1, 2025, in order to further ensure that Netradyne could comply with the subpoena and remain protected from public disclosure of proprietary and confidential business information. (Doc. 33-2 at 2-3.) At the suggestion of Defendants' counsel, Netradyne agreed that an amendment to a pending stipulated protective order, to include Netradyne's proprietary information, would be sufficient to address Netradyne's concerns; Plaintiffs' counsel did not respond to this correspondence. (*Id.*)

On April 4, 2025, Netradyne in good faith produced electronically stored information (ESI) from the date of the car accident pursuant to the proposed stipulated protective order while reserving its objections to the subpoena.[4] (Doc. 33-2 at 1.) After Plaintiffs' counsel raised concerns with the production, Netradyne proposed a meet and confer on April 15, 2025, to discuss the scope

[4] Netradyne did not charge Plaintiffs the customary expenses associated with this discovery. If further production is agreed upon or ordered by the Southern District of California, Netradyne will charge Plaintiffs the customary expenses associated with further production. Furthermore, Netradyne will seek any expenses or other relief that it is entitled to under Rule 45(d)(1).

and burdens of compliance on nonparty Netradyne. (Doc. 38-1.) Plaintiffs' counsel did not respond and instead filed the instant motion the very next day—including filing Netradyne's confidential and proprietary information on the public record. (Doc. 33.) Netradyne immediately responded by reserving all rights and requesting that Plaintiffs' counsel "immediately move to lodge Netradyne's Confidential information under seal and retract or redact the confidential information . . . filed publicly."[5] (Doc. 36-1.) Netradyne then served both Plaintiffs' counsel and Defendants' counsel with additional objections to the subpoena (Docs. 36-2, 36-3.)

## LEGAL ARGUMENT

"Federal Rule of Civil Procedure 45 permits litigants to obtain discovery from nonparties via subpoena while simultaneously protecting nonparties from excessively onerous requests for information." *Lyons v. My Pillow, Inc.*, No. 23-1308, 2023 WL 8450724, at *2 (6th Cir. Dec. 6, 2023). Under Rule 45(a)(2), a "subpoena must issue from the court where the action is pending," however, the rule clearly distinguishes between the jurisdiction of an *issuing court* and the jurisdiction of the *court of compliance* regarding the enforcement of a nonparty subpoena. Fed. R. Civ. P. 45(a)(2). In order to minimize the burden of compliance upon nonparties in particular, "'the court for the district where compliance is required' is charged with enforcing . . . provisions of Rule 45." *Stein v. U.S. Xpress Enters., Inc.*, No. 1:19-CV-00098, 2020 WL 8455141, at *1 (E.D. Tenn. Oct. 27, 2020); *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014) ("[A] subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where

---

[5] Plaintiffs' Motion for Order to Show Cause includes a screenshot of production from Netradyne that displays proprietary information and was clearly and unambiguously marked as "privilege and confidential. . . produced under stipulated protective order pending." (Doc. 33). Netradyne will seek relief to redact and/or seal this and related proprietary information in a separate motion.

compliance with the subpoena is required.”). *See also* Fed. R. Civ. P. 45(d)(2) (providing that “the serving party may move the court for the district where compliance is required for an order compelling production or inspection” of documents requested in a subpoena); Fed. R. Civ. P. 45(g) (“The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.”).

“The prevailing rule across federal courts is that a subpoena's place of compliance is the district where documents are to be produced.” *Collins v. Koch Foods, Inc.*, No. MC 119-008, 2019 WL 2520308, at *2 (S.D. Ga. June 18, 2019). Under Rule 45, “a subpoena may command: (a) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . .” Fed. R. Civ. P. 45(c)(2). Thus, the location named in a subpoena identifies the place and district where compliance is required. *See, Parks v. Deibel Lab'ys of Tennessee, LLC,* No. 1:23-CV-00309-CEA-CHS, 2024 WL 5246843, at *2 (E.D. Tenn. Dec. 28, 2024), objections overruled, No. 1:23-CV-309, 2025 WL 876766 (E.D. Tenn. Mar. 20, 2025) (finding the Eastern District of Tennessee to be the court where compliance is required because “entities receiving the subpoena have been directed to furnish documents and ESI to Plaintiff at her home address in Chattanooga”). *See also, CSS, Inc. v. Herrington,* 354 F.Supp.3d 702, 709–10 (N.D. Tex. 2017) (“[T]he place named in the subpoena as required by Rule 45(a)(1)(A)(iii) is the place ‘where compliance is required.’”).

Here, the subpoena served on Netradyne lists the address for compliance as “591 Camino de la Reina #1020, San Diego, CA 92108.” This location is within 100 miles of Netradyne’s headquarters and primary place of business in San Diego, California, and thus comports with the requirements of Rule 45(c). Consequently, the Southern District of California is “the district where

compliance is required." Therefore, Plaintiffs' must seek to enforce the subpoena in the Southern District of California.

In addition, the Court lacked jurisdiction to substantively rule on the Defendants' motion to quash. Rule 45(d)(3) governs the mandatory or permissive quashing or modifying of a subpoena upon certain circumstances. In both the mandatory or permissive postures, however, only the court for the district where compliance is required may quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3); *see, Shirley v. Smoky Mountain Prop. Mgmt., LLC*, No. 3:18-CV-79-TAV-DCP, 2018 WL 3421831, (E.D. Tenn. July 13, 2018); *see also, Agincourt Gaming, LLC v. Zynga, Inc.*, No. 14 CV 0708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) ("Under the current version of [Rule 45], when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."). Similarly, any motion to compel production must be filed in the place of compliance. *See, Fitzgerald Truck Parts & Sales, LLC v. United States*, No. 2:20-CV-00026, 2023 WL 1974720, at *3 (M.D. Tenn. Feb. 13, 2023) (following the "majority view" that "a motion to quash or compel must be filed in the district where compliance with the subpoena is required"). Yet, "[i]f the court where compliance is required did not issue the subpoena, it may transfer any subpoena-related motion to the issuing court if the person subject to the subpoena consents or the court finds that extraordinary circumstances exist. Fed. R. Civ. P. 45(f)." *Stein*, 2020 WL 8455141, at *1 (2020). Without such a transfer, however, the jurisdiction to enforce a subpoena remains with the court in the district where compliance is required. *See, id.*

Since the Defendants' motion to quash was filed in the Eastern District of Tennessee, not in the Southern District of California, the motion was procedurally improper and should have been dismissed for lack of jurisdiction. *See, e.g.*, *Stein*, 2020 WL 8455141, at *1 ("Each subpoena was

issued from the Eastern District of Tennessee and directs compliance outside of this District. The subpoenas have not been transferred to this Court under Rule 45(f). Accordingly, the Court lacks authority to quash the subpoenas and the Motion to Quash . . . will be DENIED.") (citations omitted).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for contempt and sanctions as procedurally improper.

Respectfully submitted,

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.

*s/ Amearah A. Elsamadicy*________________
Kenny L. Saffles (BPR No. 023870)
Amearah A. Elsamadicy (BPR No. 042318)
1600 West End Ave., Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5566
ksaffles@bakerdonelson.com
aelsamadicy@bakerdonelson.com

*Attorneys for Netradyne Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all counsel of record via the Court's electronic filing system on April 30, 2025.

*s/ Amearah A. Elsamadicy*________________
Amearah A. Elsamadicy (BPR No. 042318)