UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RADHA BOLIVAR AND ANGELICA GOATACHE, | ) |
| Plaintiffs, | ) No.: 1:24-CV-00155 |
| vs. | ) JUDGE MCDONOUGH |
| HMD TRUCKING, INC. AND ANTONIO WORTHAM, | ) MAGISTRATE JUDGE LEE |
| Defendants. | ) JURY DEMAND |

### RULE 26(a)(1) INITIAL DISCLOSURES OF DEFENDANTS HMD TRUCKING, INC. AND ANTONIO WORTHAM

Defendants HMD Trucking, Inc. ("HMD Trucking") and Antonio Wortham ("Mr. Wortham") (collectively "Defendants"), by and through counsel, hereby provide the following information pursuant to Federal Rule of Civil Procedure 26(a)(1). Defendants reserve the right to supplement and/or amend these disclosures after further discovery and/or investigation in accordance with the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Defendants have made a reasonable and good faith effort to comply with the Rule 26(a) initial disclosure statement requirements. Discovery is just beginning, and as such, Defendants have not reviewed all documents relating to this action, interviewed all witnesses in this matter, or completed their investigation, discovery, or preparation of their defenses to plaintiffs Radha Bolivar's and Angelica Goatache's (collectively "Plaintiffs") allegations.

These initial disclosures are based upon information presently known to Defendants after the exercise of reasonable diligence. These disclosures are made in a good faith effort to supply

factual information as presently known. Defendants reserve the right to amend their disclosures in accordance with subsequent legal and factual developments in the instant litigation.

Defendants also reserve the right to supplement these disclosures upon the discovery of, or to the extent Plaintiffs assert, clarify, modify, or otherwise develop additional allegations or theories in this lawsuit. Defendants' disclosures are made without waiving, in any respect, (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action, and (2) the right to object on any and all grounds, at any time, to any other discovery proceeding involving or relating to the subject matter of these disclosures.

**I. Rule 26(a)(1)(A)(i) – the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Defendants have just begun their investigation into the facts and circumstances described in Plaintiffs' Complaint. Accordingly, Defendants anticipate that there will be other individuals whose names are as yet unknown or whose knowledge has not yet been identified who would later be appropriate for disclosure. Defendants have not yet identified expert witnesses they may use at trial under Rules 702, 703, and/or 705 of the Federal Rules of Evidence. Defendants will supplement their response pursuant to the Federal Rules of Civil Procedure and the Local Rules as Defendants identify additional, responsive people.

At this time, Defendants are aware of the following responsive people:

1. <u>Radha Bolivar</u>. Mr. Bolivar is a plaintiff in this matter. He was operating a 2022 Toyota Corolla on Interstate 24 near mile marker 141 on March 1, 2023 at the time of the subject

incident described in the Complaint (the "Incident"). Presumably, Mr. Bolivar will have knowledge about the Incident and his alleged injuries and damages.

2. <u>Angelica Goatache</u>. Ms. Goatache is a plaintiff this matter. She was a passenger in the 2022 Toyota Corolla operated by Mr. Bolivar at the time of the Incident. Presumably, Ms. Goatache will have knowledge about the Incident and her alleged injuries and damages.

3. <u>Antonio Wortham</u>. Mr. Wortham was driving a 2022 Peterbilt tractor with attached trailer under the motor carrier authority of HMD Trucking at the time of the Incident. Mr. Wortham will have information about the Incident. Mr. Wortham is represented by undersigned counsel and should only be contacted through undersigned counsel.

4. <u>Summer Elzy</u>. Ms. Elzy was a passenger in the 2022 Peterbilt tractor trailer operated by Mr. Wortham at the time of the Incident. She will have information about the Incident. Ms. Elzy should only be contacted through undersigned counsel.

5. <u>Trooper Larry W. Anderson, Jr.</u> Trooper Anderson, Jr. responded to the Incident and prepared the report narrative. Trooper Anderson, Jr.'s badge number is 1, and his state vehicle number is 2275. He is a State Trooper for the State of Tennessee.

6. <u>HMD Trucking corporate representative and/or records custodian</u>. Mr. Wortham was operating a tractor trailer for HMD Trucking at the time of the Incident. A representative of HMD Trucking will have information regarding Mr. Wortham's history with the company and the subject tractor trailer involved in the Incident. HMD Trucking is represented by undersigned counsel and should only be contacted through undersigned counsel.

7. <u>Plaintiffs' medical providers</u>.

8. <u>Any individuals who were present at the scene at the time of the Incident</u>.

9. <u>Any individuals identified by Plaintiffs in their Rule 26 Initial Disclosure or subsequent discovery</u>.

Defendants are still investigating Plaintiffs' allegations and determining the existence and identity of additional fact witnesses. Accordingly, Defendants respectfully reserve the right to supplement this disclosure if and when appropriate.

Defendants reserve the right to call as a witness any person or expert designated by Plaintiffs in this case.

**II. Rule 26(a)(1)(A)(ii) – a copy of – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Currently, Defendants identify the following responsive documents:

1. Tennessee Traffic Crash Report No. 103584572;

2. Photographs from the scene;

3. Dash camera footage from the 2022 Peterbilt tractor Mr. Wortham was operating at the time of the Incident;

4. Files maintained by HMD Trucking regarding Mr. Wortham;

5. Files maintained by HMD Trucking regarding the subject tractor and trailer;

6. Plaintiff Radha Bolivar's medical records and billing, and to the extent such are obtained by Defendants' counsel via a subpoena duces tecum or medical records release, those records will be provided to the parties;

7. Plaintiff Angelica Goatache's medical records and billing, and to the extent such are obtained by Defendants' counsel via a subpoena duces tecum or medical records release, those records will be provided to the parties;

4

8. Documents or items in the possession of Plaintiffs that must be disclosed as part of their Rule 26 Initial Disclosures; and

9. Documents produced by Plaintiffs through the course of discovery in this case.

Items 1 – 5 are in the possession of Defendants' counsel. Items 6 – 8 were provided by Plaintiffs' counsel. Plaintiffs' counsel should already have documents 1 and 6 – 8. Discovery and developments in this case may reveal additional documents and other materials that Defendants may use to support their claims or defenses in this matter, and Defendants will identify any such documents and other materials in accordance with Rule 26(a)(1)(A). Defendants reserve the right to supplement this response as discovery and investigation continue.

**III.  Rule 26(a)(1)(A)(iii) – a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendants are not alleging any damages and as such, are unable to disclose, as required by Rule 26(a)(1)(C), a computation of any category of damages claimed by the disclosing party. Defendants do not stipulate to the amount of damages sought by Plaintiffs, and therefore, Defendants place that matter in issue.

**IV.  Rule 26(a)(1)(A)(iv) – for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendants object to the extent Rule 26(a)(1)(A)(iv) calls for disclosure of confidential trade secrets and/or information protected by the right of privacy. Subject to and without waiving the foregoing objections, Defendants will provide responsive information under separate cover.

These disclosures are rendered and based upon information in possession of Defendants at the time of the preparation of this disclosure after diligent inquiry. Discovery will continue as long as permitted by statute, stipulation by the parties, or as indicated by the Court. Defendants' investigation will continue to and throughout the trial of this action. Defendants therefore specifically reserve the right at the time of trial to introduce evidence from any source that may hereafter be discovered, as well as testimony from any witness whose identity may hereafter be discovered. Further, if any information has been unintentionally omitted from these disclosures, Defendants hereby reserve the right to apply for relief or amend these disclosures so as to permit the insertion of such omitted information.

Respectfully submitted,

LEWIS THOMASON, P.C.

By:/s/*Mary Beth White*
    Mary Beth White, BPR #24462
    Mia K. Lazarini, BPR # 41158
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN  37219
    (615) 259-1366
    mbwhite@lewisthomason.com
    mlazarini@lewisthomason.com

*Attorneys for defendants HMD Trucking, Inc. and Antonio Wortham*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of RULE 26(a)(1) INITIAL DISCLOSURES OF DEFENDANTS HMD TRUCKING, INC. AND ANTONIO WORTHAM has been served on the following counsel of record via email:

Tim O. Henshaw, Esq.
The Henshaw Firm, LLC
1604 Reggie White Boulevard, Suite 102
Chattanooga, TN 37402
thenshaw@asilpc.com

This the 23rd day of September 2024.

                                                          */s/ Mary Beth White*