

**March 17, 2023**

*Via Certified Mail Return Receipt Requested*
*& Via Email: claimdocs@carolinacas.com*

Carolina Casualty Insurance Company
P.O. Box 2575
Jacksonville, FL 32203

*Via Certified Mail – Return Receipt Requested*

Antonio Wortham
450 Barnwood Rd.
Tuscaloosa, AL 35405

*Via Certified Mail – Return Receipt Requested*

US Leasing, LLC
1350 Texas St.
Gary, Indiana 46402

*Via Certified Mail – Return Receipt Requested*

Summer Elzy
450 Barnwood Rd.
Tuscaloosa, AL 35405

To whom it may concern:

**Re:** **Spoliation & Preservation of Evidence Letter, Letter of Representation, and Request for Insurance Coverage Information**

|  |  |
|---|---|
| Our Client(s): | Angelica Goadoche and Radha Bolivar |
| Date of Loss: | 03/01/2023 |
| Location of Loss: | Kimball, TN |
| Your Driver: | Antonio Wortham |
| Policy No.: | KCA2600002-2 |

Dear Sir/Madam:

I have been retained to represent the above-referenced clients with respect to damages arising from a commercial motor vehicle where your insured negligently changed lanes into my

clients' vehicle on the highway in Kimball, Tennessee. The collision occurred at approximately 7:13 p.m. on March 1, 2023. The crash caused injuries to all occupants.

All future correspondence and communications regarding this matter should be directed to me. No one should reach out to any family members directly or indirectly.

Our preliminary investigation indicates that the above-referenced driver was driving under the authority and dispatch of US LEASING, LLC at the time of the crash. It is not believed that the above-referenced driver was the only person present in his vehicle at the time of the crash. If this is incorrect, please let us know.

Please forward a sworn statement identifying the name of the insurer(s), the name of each insured and limits of coverage for each policy issued by any insurance company (including primary, excess, and umbrella policies) which may provide coverage for the incident in question.

US LEASING, LLC IS IN POSSESSION OF EVIDENCE THAT IS IMPORTANT TO THE INVESTIGATION OF THIS MATTER. THIS LETTER CONSTITUTES FORMAL NOTICE OF YOUR DUTY TO ENSURE THAT ALL SUCH EVIDENCE IS COLLECTED, SECURED AND PRESERVED. NO EVIDENCE SHOULD BE DESTROYED, ALTERED, REPAIRED, MODIFIED OR CHANGED IN ANY WAY. ANY FAILURE BY YOU TO PROPERLY PRESERVE EVIDENCE WILL BE DEEMED INTENTIONAL AND WILLFUL AND COULD SUBJECT YOUR COMPANY TO SERIOUS LEGAL SANCTIONS.

Please make sure that all managers, supervisors, employees and third-party providers, who may possess or have access to any evidence, are put on notice immediately and that you collect all evidence that may exist anywhere within your control, including but not limited to, electronically stored information ("ESI"). A thorough search for potential evidence is required so that no evidence is inadvertently destroyed.

EVIDENCE TO PRESERVE:

In a case like this one, you should expect that we will be conducting a thorough investigation to determine the extent to which your driver and/or your company have liability. We will be investigating all aspects of the crash and all factors that may have directly or indirectly contributed to the crash. We will be analyzing all aspects of your drivers conduct, condition, background, training and historical performance as well as whether he was compliant with the FMCSR, state trucking safety regulation, traffic laws, industry standards and corporate policies. We will also be analyzing all aspects of your company's safety and compliance policies, procedures, practices and performance. Moreover, we will be analyzing whether and to what degree vehicle condition, inspection, maintenance and/or repair may have contributed to the collision and any cargo related issues. All evidence going to any of these matters must be preserved.

You should preserve all materials that show whether or not US LEASING, LLC was a reasonably safe company, whether or not US LEASING, LLC fully complied with applicable

Federal and/or State Motor Carrier Safety Regulations, and whether or not US LEASING, LLC properly hired, qualified, supervised, trained, and retained the driver and maintained the vehicle(s) involved in the crash.

While all evidence must be preserved, we specifically demand that the following evidence, typically used to determine fault in truck wreck cases, be collected and preserved:

1. The tractor and each trailer involved in the subject collision must be preserved until further notice. DO NOT MOVE, TOW, REPAIR, MODIFY OR OPERATE ANY VEHICLE until that vehicle is inspected and released by my office. Please contact me at your earliest opportunity so that we can make arrangements to inspect these vehicles and download any onboard systems that may contain information helpful to our investigation. If any CMV has been put back into service since the crash, we request that each be immediately placed out of service until we have an opportunity to inspect and download.

2. Each and every cell phone, tablet, laptop, GPS device, watch, communication device, portable telematics device, and any other consumer electronic device of any kind that was/were in the truck at the time of the subject collision should be immediately secured and preserved. You must take reasonable steps to secure such devices even if you do not own them. Please contact me at your earliest convenience so that we can arrange a time to inspect and analyze these devices.

3. In addition to the devices responsive to paragraph 2 above, please take immediate steps to preserve all of the following, whether in your possession and control or the possession and control of any other person or entity:

a. All data and records related to each device.

b. All GPS location data and any other telematics data from each such device.

c. All communications of any kind involving each such device.

d. All usage information for each such device.

4. All video, audio and data from each onboard camera and video systems installed in the cab of the tractor involved in the subject crash. If any data, video or audio has not been downloaded or uploaded from the in-cab camera, the camera and storage device contained therein should be preserved. If any system used can generate any report, all reports should be preserved. If any of the above is in the possession of a third party, immediate steps should be taken to notify that third party to preserve.

5. All data and reports from the tractor engine control module (ECM), airbag control module, and any other equipment on the tractor that contains data relating to the operation of the tractor.

6. All data and reports from each telematics system for the tractor and trailer for the six months leading up to and including the day of the collision at issue.

7. All data and reports from each telematics system for each tractor that Antonio Wortham operated in the six months leading up to and including the date of the collision at issue.

8. To the degree not covered above, all data and reports that contain any information about the operation of any commercial motor vehicle by Antonio Wortham in the six months leading up to and including the date of the collision at issue.

9. Other materials regarding driver, Antonio Wortham:

a. Post-accident/ post-collision drug and alcohol testing;

b. All other drug and alcohol testing;

c. Complete driver qualification file (including, without limitation, everything required under 49 C.F.R. 391) and all other materials showing the driver's qualification to operate a commercial vehicle;

d. All materials related to the medical and/or physical condition and qualifications of the driver;

e. All documents relating to the hiring of this driver;

f. Pre-Employment Screening Program (PSP) report;

g. All other files and materials, physical and electronic, maintained regarding the driver (including, without limitation, payroll, human resources, personnel, training, discipline and all manager, supervisor and dispatcher files);

h. All materials evidencing orientation and training of this driver;

i. All materials evidencing supervision of this driver;

j. All materials evidencing complaints about this driver;

k. All materials evidencing whether the driver was using a cell phone or other electronic device in the 60 minutes leading up to the collision;

l. All materials evidencing whether the driver was texting, tweeting, or using any other communications device in the 60 minutes leading up to the collision;

m. All materials evidencing discipline of this driver;

n. All Hours of Service logs, supporting documentation and log audits for this driver for six months leading up to and including the date of the crash at issue;

o. All materials showing compliance and/or lack of compliance with any Federal or State Motor Carrier Safety Regulation;

p. All materials showing compliance and/or lack of compliance with any company policy or procedure;

q. All call-in records from this driver for 30 days preceding the crash;

r. All dispatch records relating to this driver for 30 days preceding the crash

s. All contracts and leases affecting this driver.

10. Materials regarding passengers in this driver's vehicle, if applicable;

a. All documents evidencing the status and role of this individual as of the time of the crash.

b. If any passengers are an employee or agent of US LEASING, LLC, preserve all of the same materials for him/her that were requested above (paragraph 9 a-s) regarding that passenger.

c. If any passengers are a non-employed passenger, preserve all waivers or other documents related to him/her in this capacity.

11. For the tractor and trailer involved in the subject collision:

a. All documents and communications regarding the ordering and purchasing of the tractor

b. All Driver Vehicle Inspection Reports for 30 days before and 14 days following the crash;

c. All annual and quarterly inspection reports;

d. All other inspection reports;

e. All maintenance and repair records;

f. All post-crash repair documentation;

g. All permits;

h. All ownership documentation;

i. All lease documentation;

j. All interchange agreements; and

k. All downloadable systems (e.g., ECM, Air Brake System, Telematics, etc.) and all data and reports generated therefrom.

12. All investigatory and other materials related to the crash at issue.

13. All preventability (or root cause) determinations related to the crash at issue and all supporting documentation for such determination.

14. All e-mails, correspondence and other communications of any kind or nature related to Antonio Wortham, any passengers, and/or the subject collision.

15. All e-mails, correspondence, text messages, and electronic communications of any kind between Antonio Wortham and anyone working for or on behalf of US LEASING, LLC. This includes, without limitation, all communications through any telematics or other onboard systems, recording devices, etc.

16. All e-mails, correspondence, text messages, and electronic communications of any kind between any passengers and anyone working for or on behalf of US LEASING, LLC. This includes, without limitation, all communications through any telematics or other onboard systems, recording devices, etc.

17. All documents related to any cargo that was being transported at the time of the crash at issue, including all Bills of Lading, manifests, pick-up and delivery orders, billing documents, weight tickets, scale tickets, and the like.

18. All trip related documents not covered above for the trip that the driver and/or passenger was on at the time of the crash at issue.

19. All manuals, guidelines, rules, regulations, videos, and other materials of any kind:

a. used during the orientation and training of Antonio Wortham

b. used presently to orient and/or train US LEASING, LLC drivers

c. that were in effect at the time of the subject crash

20. All first reports of claim made by US LEASING, LLC to its insurers.

21. All documents related in any way to all claims made for cargo losses incurred because of the subject collision.

22. All documents related in any way to all claims made by US LEASING, LLC for property damages, loss of use, loss of revenue, and/or any other insurable damage it incurred because of the subject collision.

23. All documents related in any way to all claims made by your driver, Antonio Wortham, for personal injury, disability, workers compensation, medical leave, etc. arising from or relating to the subject collision.

24. All documents related in any way to all claims made by any applicable passengers for personal injury, disability, workers compensation, medical leave, etc. arising from or relating to the subject collision.

25. All communications made between or among US LEASING, LLC, Antonio Wortham, and/or any passengers in addition to any insurance carriers for your company and/or Antonio Wortham and/or any passengers including but not limited to any and all claim files, all evaluations of liability, all evaluations of potential exposure, all settlement evaluations, and all other documents that relate to the subject collision, the claims being asserted and arising out of the subject collision, and/or all reasons for refusing to settle such claims.

It is our desire to try to work with you to resolve this matter without litigation if possible. If there is any hope of that, we will need a full disclosure of all insurance coverage (including all umbrella and excess coverage) for this loss. If you refuse, we will be left with no other choice but to file suit immediately. In close, if you have retained an attorney to represent US LEASING, LLC in this matter, please forward me that information or have one of those lawyers contact me directly.

Sincerely,

Tim O. Henshaw
Trial Attorney, Licensed in Georgia and Tennessee
Phone: 4234752700
Email: thenshaw@asilpc.com

Mailing Address:
3626 Clairmont Ave., S
Birmingham, AL 35222