# **EXHIBIT 7**

HMD TRUCKING 00001-000025

HMD TRUCKING 000026-000030

Exhibit 7- HMD's Document Production

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| RADHA BOLIVAR AND | ) | |
| ANGELICA GOATACHE, | ) | |
| Plaintiffs, | ) | **DOCKET NO. 1:24-cv-00155** |
| | ) | |
| v. | ) | **JUDGE VARLAN** |
| | ) | |
| HMD TRUCKING, INC., and | ) | **MAGISTRATE JUDGE LEE** |
| ANTONIO WORTHAM, | ) | |
| Defendants. | ) | **Jury Demanded** |
| | ) | |

## DEFENDANT HMD TRUCKING, INC.'S RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant HMD Trucking, Inc. ("HMD") hereby responds to the first interrogatories and request for production of documents propounded by plaintiffs Radha Bolivar and Angelica Goatache as follows:

## GENERAL OBJECTIONS

1.     This Defendant objects to each and every Interrogatory or Request for Production to the extent it calls for the production of privileged documents, including documents protected by the attorney-client privilege, common-interest privilege, investigative privilege, consulting expert exemption, documents containing work product and documents prepared in anticipation of litigation or trial. This Defendant further objects to each and every Interrogatory or Request for Production to the extent it seeks the disclosure of the identities of, or any work generated by, non-testifying consulting experts retained by or at the direction of this Defendant's attorneys in anticipation or preparation for this and/or other threatened or pending litigation or in connection with the rendering of legal advice to this Defendant. No restatement of any specific objection in

the context of these answers shall be construed to imply a waiver of any unstated privilege objections addressed by this General Objection.

2.     This Defendant objects to each and every Interrogatory or Request for Production to the extent it attempts to impose a duty on this Defendant to produce documents that are available from other entities not parties in this litigation and to the extent it seeks materials that are available to the public.

3.     This Defendant objects to each and every Interrogatory or Request for Production to the extent it is overly broad, burdensome and oppressive, and seeks documents neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This Defendant is performing a reasonable inquiry and search for documents as required by the applicable Rules of Civil Procedure; however, it is possible that even those Interrogatories or Requests for Production that appear reasonable in scope on their face may, in fact, call for the production of information or certain documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. This Defendant preserves its objection to each such Interrogatory or Request to the extent it calls for the production of such documents.

4.     This Defendant objects to every Interrogatory or Request for Production that uses language such as "each and every" or similarly broad language. Such an Interrogatory or Request is onerous, burdensome, harassing, prejudicial and overly broad. Each Interrogatory or Request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. *See, e.g., United States v. Renault, Inc.*, 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). Moreover, this Defendant has no possible means of making the all-encompassing identification such a broadly worded Interrogatory or Request requires.

5.     This Defendant is contacting those persons who have knowledge of the location and/or existence of information that may be responsive.   To the extent that Plaintiffs' Interrogatories or Requests for Production or any portion thereof seek to require this Defendant to take any actions other than those enumerated above, such as identifying "all persons" having knowledge or identifying "all documents" concerning the subject of the Interrogatory or Request, this Defendant objects to said Interrogatory or Request on the grounds that it is unduly burdensome and oppressive.

6.     This Defendant objects to each and every Interrogatory or Request for Production to the extent that it requires this Defendant to produce documents created for it by other parties in that such an Interrogatory is vague, ambiguous, and overly broad.   Additionally, such an Interrogatory is broad enough to include information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, investigative privilege and the consulting expert exemption.

7.     The Responses contained herein are made solely for the purposes of this action. Each Response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds to which the same statement would be subject if delivered in live testimony in court.   All such objections and grounds are expressly reserved by this Defendant and may be interposed at the time of trial or in conjunction with other uses of the Responses when used in reference to a document, to state the date, author, type of document, person or persons to whom it or copies of it were sent, and its present or last known location and custodian.

3

## ANSWERS TO INTERROGATORIES

## HMD TRUCKING INFORMATION

1.

If you contend that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**RESPONSE: Not applicable.**

2.

Identify the following people:

(a)     The Safety Director/Chief Safety Officer for HMD TRUCKING on the date of the Subject Collision and now;

(b)     The person(s) primarily responsible for compliance with state and federal safety regulations at HMD TRUCKING on the date of the Subject Collision and now;

(c)     The person(s) responsible for training WORTHAM; and

(d)     WORTHAM'S supervisor and manager on the date of the Subject Collision.

**RESPONSE:**
**(a)     The Safety Director for HMD Trucking on the date of the Subject Collision was and presently is Ms. Fausta Mikniute.**
**(b)     HMD Trucking objects to subpart (b) as vague and ambiguous. Subject to and without waiving the foregoing objection(s), Mr. Wortham and other HMD Trucking drivers were responsible for complying with safety regulations applicable to commercial truck drivers on the date of the Subject Collision and now.**
**(c)     For the time period during which Mr. Wortham drove under HMD Trucking's operating authority, he received training assigned by HMD Trucking safety department personnel.**
**(d)     Mr. Wortham's dispatcher on the date of the Subject Collision was Mr. Vyga Smith.**

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of a HMD TRUCKING'S driver's actions in the past

4

three years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

4.

Identify and explain each communication of any kind between any federal and/or state agency and HMD TRUCKING that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years. This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

## VEHICLE INFORMATION

5.

With respect to the vehicle operated by WORTHAM at the time of the Subject Collision, provide all details about the vehicle and the equipment that was capable of recording data related to this collision.

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham was driving a 2022 Peterbilt truck at the time of the Subject Collision. In addition to any systems installed by the manufacturer that were capable of recording data relating to the Subject Collision, the truck also was equipped with a Netradyne dash camera.**

5

## TRIP AND HOURS OF SERVICE INFORMATION

6.

With respect to the trip that WORTHAM was on at the time of the Subject Collision, provide all details about the parties involved and the details of the trip WORTHAM was on.

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is vague and ambiguous with respect to the phrase "parties involved," is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham was transporting cargo from Liberty, SC to Evansville, IN at the time of the subject incident. Further details regarding Mr. Wortham's transportation of this shipment may be derived from his driver logbook and shipping documents produced in response to Plaintiffs' requests for production of documents.**

7.

With respect to WORTHAM's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, did you audit or review her HOS?

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is vague and ambiguous as to time frame, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), upon information and belief, yes.**

8.

For the 72 hours leading up to the Subject Collision, provide the following information regarding WORTHAM provide all information about WORTHAM's activities that you have available to you.

6

**RESPONSE:** HMD Trucking objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine and/or seeks to invade the mental impressions of HMD Trucking's counsel. HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is vague and ambiguous, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), see Mr. Wortham's driver logbook produced in response to Plaintiffs' requests for production of documents.

9.

If HMD TRUCKING performs hours of service log audits on drivers explain your process.

**RESPONSE:** HMD Trucking objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), each week HMD Trucking safety assistants audit the logbooks of all drivers. If an hours-of-service violation is found, the responsible driver is notified. Coaching or training is assigned where appropriate.

### DRIVER INFORMATION

10.

Explain your relationship with WORTHAM.

**RESPONSE: Mr. Wortham is an independent contractor of HMD Trucking.**

11.

Was WORTHAM acting within the course and scope of her employment or agency at the time of the Subject Collision? If not, explain the basis for your contention and identify documents and witnesses that support your contention.

**RESPONSE: No. Mr. Wortham was not an employee of HMD Trucking at the time of the Subject Collision. At the time of the Subject Collision, Mr. Wortham was an independent contractor of HMD Trucking, performing transportation services requested by HMD Trucking.**

7

12.

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by HMD TRUCKING regarding WORTHAM at any time.

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. HMD Trucking objects to this interrogatory because the phrase "counseling actions" is vague and ambiguous.**

**Subject to and without waiving the foregoing objection(s), Defendant refers to Mr. Wortham's personnel file, which Defendant will agree to produce subject to the entry of a protective order.**

13.

Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of HMD TRUCKING to WORTHAM at any time and in any way related to the operation of a commercial motor vehicle.

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham attended an orientation session around the time he was hired as an independent contractor. Around that time, he also completed training courses through the Infiniti software platform. Thereafter, he completed bi-annual safety courses presented by HMD Trucking personnel, as well as periodic refresher training courses assigned by HMD Trucking safety department personnel. Further specifics can be derived from training records in Mr. Wortham's personnel file, which Defendant will agree to produce subject to the entry of a protective order.**

14.

Identify all traffic violations committed by WORTHAM, while in your employ or in previous employment.

8

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. HMD Trucking objects to this interrogatory because "traffic violation" is vague and ambiguous.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking is not aware of any traffic violation committed by Mr. Wortham prior to the date of the Subject Collision while he was performing work for HMD Trucking. Any traffic violations committed by Mr. Wortham prior to the date he began working for HMD Trucking can be derived from his application and background check materials in his personnel file, which Defendant will agree to produce subject to the entry of a protective order.**

15.

If WORTHAM has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), excluding traffic citations, HMD Trucking is not aware of any information suggesting that Mr. Wortham has ever been arrested or charged with any crime.**

16.

For each motor vehicle collision/accident involving WORTHAM, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

9

**Subject to and without waiving the foregoing objection(s), the answer to this interrogatory can be derived from Mr. Wortham's application and documents located in Mr. Wortham's personnel, which Defendant will agree to produce subject to the entry of a protective order.**

17.

If WORTHAM had ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

**RESPONSE: HMD Trucking objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has never been disqualified or suspended from driving a commercial motor vehicle during his tenure as an independent contractor for HMD Trucking.**

18.

Identify and explain all communications of any kind between WORTHAM and anyone acting for or on behalf of HMD TRUCKING during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**RESPONSE: HMD Trucking objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine and/or seeks to invade the mental impressions of HMD Trucking's counsel. HMD Trucking objects to this interrogatory because it is overly broad, would subject HMD Trucking to undue burden and expense were HMD Trucking to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), upon information and belief, during the 24 hours before and after the Subject Collision, Mr. Wortham communicated with his dispatcher and HMD Trucking safety personnel by phone and/or text message. The answers to the other subparts of this interrogatory may be derived from communications produced in response to Plaintiffs' requests for production of documents.**

10

## INVESTIGATION OF SUBJECT COLLISION

19.

Describe in detail when and how you first became aware that WORTHAM was involved in the Subject Collision. Please include the identification of all persons involved and what information was conveyed.

**RESPONSE: HMD Trucking objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine and/or seeks to invade the mental impressions of HMD Trucking's counsel.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking became aware of the Subject Collision on March 1, 2023, when HMD Trucking Safety Assistant Elias Lukosius received a phone call from, upon information and belief, Mr. Wortham. The answers to the other subparts of this interrogatory may be derived from the incident report produced in response to Plaintiffs' requests for production of documents.**

20.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

**RESPONSE: Other than those persons identified in the police report, HMD Trucking is not aware of any persons present at the scene of the Subject Collision at any time in the 48 hours after the collision.**

21.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom HMD TRUCKING believes may have relevant testimony of any kind in connection with this case.

11

**RESPONSE:** Other than those persons identified in the police report and physicians who met Plaintiffs regarding their alleged injuries, HMD Trucking is not aware of any persons who have relevant testimony of any kind in connection with this case. Discovery is ongoing. HMD Trucking will provide its preliminary witness list in accordance with the Court's scheduling order in this action.

22.

As to any tests, inspections, measurements mapping, photography, videography, and/or investigations performed by or on behalf of HMD TRUCKING, or of which you are at all aware regarding in any way the Subject Collision and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

**RESPONSE:** HMD Trucking objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine and/or seeks to invade the mental impressions of HMD Trucking's counsel.

Subject to and without waiving the foregoing objection(s), HMD Trucking is not aware of any tests, inspections, measurements, mapping, photography, or videography undertaken by any third party at the request of HMD Trucking. HMD Trucking is aware of the existence of dash camera video and photographs taken by Mr. Wortham at the incident scene. Any "investigations" undertaken by HMD Trucking or its counsel in connection with Plaintiffs' claims are protected by the work product doctrine and/or investigative privilege.

23.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

**RESPONSE:** At this time, HMD Trucking is aware of the police report, dash camera video, photographs taken by Mr. Wortham at the incident scene, and photographs of Plaintiffs' vehicle taken in connection with resolution of Plaintiffs' property damage claim.

24.

If you maintain that Plaintiff or any non-party has any responsibility of any kind for causing

12

the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify

each such person and or entity, describe in detail the basis for their responsibility and identify all

person(s) who have any knowledge regarding this issue.

**RESPONSE: HMD Trucking objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine and/or seeks to invade the mental impressions of HMD Trucking's counsel.**

**Subject to and without waiving the foregoing objection(s), at this time HMD Trucking does not contend that Plaintiffs or any third party are responsible for causing the Subject Collision. Discovery is ongoing. HMD Trucking is investigating the causes of the damages alleged in the Complaint and will supplement this response if necessary.**

25.

If HMD TRUCKING has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

**RESPONSE: HMD Trucking objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine and/or seeks to invade the mental impressions of HMD Trucking's counsel.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking Safety Department personnel reviewed the circumstances of the Subject Collision. Persons involved in the review included Fausta Mikniute and Jacob Clary. The answers to the other subparts of this interrogatory may be derived by reviewing the Safety & Compliance Review form produced in response to Plaintiffs' requests for production of documents.**

26.

If anyone working for or on behalf of HMD TRUCKING has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

13

**RESPONSE: HMD Trucking** objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine and/or seeks to invade the mental impressions of HMD Trucking's counsel.

**Subject to and without waiving the foregoing objection(s), not applicable.**

### EXPERTS

27.

Identify each person HMD TRUCKING expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**RESPONSE: Objection. Defendant objects to the extent this interrogatory seeks trial preparation materials, the mental impressions of defense counsel, and information protected by work product doctrine or attorney client privilege. Without waiving these objections and subject to them, Defendant has not made a determination regarding expert witnesses at this time. Defendant will supplement in accordance with applicable Local and Civil Rules and this Court's Scheduling Order.**

14

Docusign Envelope ID: 1E6046A4-105A-47CE-A5AD-CD30B48D35B0

## VERIFICATION

I affirm under the penalties of perjury that I am an authorized representative of HMD Trucking, Inc. (the "Company"), that I verified the foregoing interrogatories answers on behalf of the Company; that certain of the matters stated therein are not within my personal knowledge; that the facts stated therein are known to and have been assembled by me, authorized employees, representatives and counsel of the Company; and that the facts stated therein are true to the best of my knowledge and belief.

DocuSigned by:

*Fausta Mikniute*

0B0A516D8786485...

**HMD TRUCKING, INC.**
**Fausta Mikniute, Safety Director**

11/5/2024

**DATE**

15

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### GENERAL

**REQUEST NO. 1:** A copy of each document utilized by you in any way in responding to Plaintiffs First Interrogatories to HMD TRUCKING.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), Defendant refers to all documents produced herewith.**

**REQUEST NO. 2:** A copy of each document retention policy in effect for HMD TRUCKING at any time between the time of the Subject Collision and present.

**RESPONSE: HMD Trucking objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking has no responsive documents. HMD Trucking complies with the document retention requirements promulgated by the Federal Motor Carrier Safety Administration.**

### DRIVER

**REQUEST NO. 3:** All documents setting forth the relationship between WORTHAM and HMD TRUCKING. This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**RESPONSE: HMD Trucking objects to this request because it is overly broad and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), see response to Request Nos. 4 through 11 and answer to Interrogatory No. 10.**

**REQUEST NO. 4:** The contents of WORTHAM' driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal

16

and state driver qualification laws and regulations. The requested documents include, but are not limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, seeks information not relevant to any party's claim or defense or proportional to the needs of the case, and would require HMD Trucking to make a legal conclusion for it to accurately respond. HMD Trucking objects to this request because the terms "driver investigation file" and "driver history file" are vague and ambiguous.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking will produce Mr. Wortham's driver qualification file and other records relating to his driving history with HMD Trucking prior to the date of the Subject Collision (3/1/2023) subject to the entry of a protective order.**

**REQUEST NO. 5:** All documents of any kind that relate to any pre-employment background investigation of WORTHAM, including without limitation any investigation of WORTHAM's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with HMD TRUCKING. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**RESPONSE: Objection. Defendant objects to this request to the extent it is overly broad, vague, and ambiguous, and seeks information that is not relevant to the subject matter involved in the pending action, nor proportional to the needs of the case. Subject to and without waiving these objections, and to the extent responsive, Defendant refers to Mr. Wortham's personnel file and driver qualification file, which Defendant will agree to produce subject to the entry of a protective order.**

**REQUEST NO. 6:** All documents that relate in any way to your recruiting of WORTHAM.

**RESPONSE**: HMD Trucking objects to this request because it is overly broad and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), Defendant refers to notes from its recruiting system related to its recruiting of Mr. Wortham, which Defendant agrees to produce subject to the entry of a protective order.

**REQUEST NO. 7:**    All documents that relate in any way to you hiring WORTHAM.

**RESPONSE**: HMD Trucking objects to this request because it is overly broad and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. Moreover, this request is unnecessarily duplicative of prior requests.

Subject to and without waiving the foregoing objection(s), Defendant refers to its responses to Request Nos. 4 through 6.

**REQUEST NO. 8:** All documents that relate in any way to any orientation provided by

HMD TRUCKING to WORTHAM.

**RESPONSE**: HMD Trucking objects to this request because it is overly broad and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), HMD Trucking has no responsive documents within its possession, custody, or control other than those referred to in response to Request Nos. 4 through 6.

**REQUEST NO. 9:** All documents that relate in any way to the training HMD TRUCKING

provided to WORTHAM, concerning driving instructions, vehicle inspection, Hours of Service,

cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving

techniques. Please include all documents that identify when, where and who provided the training

and all materials used for training.

**RESPONSE**: HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), Defendant refers to Mr. Wortham's personnel file, which Defendant will agree to produce subject to the entry of a protective order.

18

**REQUEST NO. 10:** All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of HMD TRUCKING to WORTHAM at any time. An answer key should also be provided.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Defendant refers to Mr. Wortham's personnel file, which Defendant will agree to produce subject to the entry of a protective order.**

**REQUEST NO. 11:** All documents (a) explaining how WORTHAM was compensated for the one month leading up to and including the date of the Subject Collision and extending one week after the date of the Subject Collision; and (b) showing any detention of wages over the same time period.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. Information regarding Mr. Wortham's compensation has no bearing on the issues alleged in this case.**

**REQUEST NO. 12:** A copy of the front and back of every driver's license issued to WORTHAM (regardless of name used) in your possession, custody and/or control.

**RESPONSE: Defendant refers to Mr. Wortham's CDL, bates stamped HMD TRUCKING 000031.**

**REQUEST NO. 13:** All documents placing you on notice of any violation by WORTHAM of any law, ordinance or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**RESPONSE**: HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), HMD Trucking states that Mr. Wortham did not receive a citation in connection with the Subject Collision. That said, any documents related to Defendant's notice of Mr. Wortham's violations, if any, would be in his personnel file, which Defendant agrees to produce subject to the entry of a protective order.

**REQUEST NO. 14:** All documents relating to any and all blood, urine, hair or other type

of drug or alcohol testing of WORTHAM in your possession, custody and/or control.

**RESPONSE**: HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), Defendant refers to Mr. Wortham's Pre-Employment Drug Test Records, bates stamped HMD TRUCKING 000032 – HMD TRUCKING 000033.

**REQUEST NO. 15:** All documents relating to any violation of any safety rule or principle

by WORTHAM at any time while working at HMD TRUCKING.

**RESPONSE**: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. HMD Trucking objects to this request because the phrase "safety rule or principle" is vague and ambiguous.

Subject to and without waiving the foregoing objection(s), HMD Trucking will produce documents responsive to Request No. 13 and 15 and all other documents within its possession, custody or control relating to Mr. Wortham's violation of any statute, regulation, or ordinance prior to the date of the Subject Collision. Such documents, if any, will be in Mr. Wortham's personnel file, which Defendant agrees to produce subject to the entry of a protective order.

**REQUEST NO. 16:** All documents of any kind that relate to any action (formal or

informal) by any supervisor or manager or anyone working by or on behalf of HMD TRUCKING

directed to WORTHAM for the purpose of teaching, counseling, disciplining, correcting or

20

otherwise managing WORTHAM in any way relating to the safe operation of a commercial vehicle. This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking will produce all non-privileged, responsive documents within its possession, custody or control relating to the Subject Collision or the time period prior thereto. Such documents, if any, will be in Mr. Wortham's personnel file, which Defendant agrees to produce subject to the entry of a protective order.**

**REQUEST NO. 17:** All documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which WORTHAM has been involved.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking will produce all non-privileged, responsive documents within its possession, custody or control relating to the Subject Collision or the time period prior thereto. Such documents, if any, will be in Mr. Wortham's personnel file, which Defendant agrees to produce subject to the entry of a protective order. Defendant also refers to the Tennessee Electronic Crash Report for the subject incident, bates stamped HMD TRUCKING 000034 – HMD TRUCKING 00042.**

**REQUEST NO. 18:** All documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of WORTHAM. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800... ).

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the**

mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), HMD Trucking has no responsive documents within its possession, custody or control other than those produced in response to other requests herein.

**REQUEST NO. 19:** For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the vehicle that WORTHAM was operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision. This includes all devices, whether owned by WORTHAM or not, and whether it was in use at the time of the Subject Collision or not.

**RESPONSE:** HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), HMD Trucking is not in possession of any documents responsive to this request.

**REQUEST NO. 20:** All documents prepared by WORTHAM that describes the Subject Collision or the circumstances leading up to the Subject Collision.

**RESPONSE:** HMD Trucking objects to this request to the extent that it seeks information protected by the work-product doctrine, made in anticipation of litigation, or subject to the attorney-client privilege. Defendant further objects to this interrogatory to the extent it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objection(s), Defendant refers to Mr. Wortham's Viber Messages related to the subject incident, bates stamped HMD TRUCKING 000043 – HMD TRUCKING 000045 and Safety & Compliance Review Packet, bates stamped HMD TRUCKING 000046 – HMD TRUCKING 000051.

**REQUEST NO. 21:** All documents evidencing any evaluation of the driving abilities, safety, and/or performance of WORTHAM that has not been produced in response to the preceding Requests.

**RESPONSE**: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.

Subject to and without waiving the foregoing objection(s), HMD Trucking has no responsive documents within its possession, custody or control.

**REQUEST NO. 22:** A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing WORTHAM in any way, that has not been produced in response to other Requests above.

**RESPONSE**: HMD Trucking objects to this request is vague, ambiguous, overly broad, and unduly burdensome and seeks information that is not relevant to any party's claim or defense, nor proportional to the needs of the case. HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking further objects to this request because it fails to request any category of documents with reasonable particularity.

## HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 23:** A copy of all WORTHAM's hours of service logs and any other driving logs and/or time sheets for the period beginning eight days before the Subject Collision and ending two days following the Subject Collision.

**RESPONSE**: HMD Trucking objects to this request in that it is overly broad, vague, and ambiguous, and seeks information that is not relevant to the subject matter involved in the pending action, nor proportional to the needs of the case. Defendant also specifically objects to providing Mr. Wortham's driver logs outside of the seven (7) days leading up to the alleged incident, including the day of the subject incident. Subject to and without waiving the foregoing objection(s), Defendant refers to Mr. Wortham's Driver Logs, bates stamped **HMD TRUCKING 000052 – HMD TRUCKING 000077.**

**REQUEST NO. 24:** In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what WORTHAM was doing for the time period beginning eight days before the Subject Collision and ending two days following the Subject Collision. The requested documents include all documents that a motor

23

carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a.     All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.     All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.     All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.     All documents evidencing any and all stops; and

e.     All driver call in reports and any other documentation of any communications between you and WORTHAM.

**PLEASE NOTE - NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT**

24

ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.

**RESPONSE:** HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. Defendant also specifically objects to providing Mr. Wortham's driver logs outside of the seven (7) days leading up to the alleged incident, including the day of the subject incident.

Subject to and without waiving the foregoing objection(s), HMD Trucking has no responsive documents relating to subparts (a) or (b) of this request. In response to subpart (c), HMD Trucking will produce shipping documents relating to the cargo being transported at the time of the Subject Collision, bates stamped HMD TRUCKING 000078 – HMD TRUCKING 000080. In response to subpart (d), HMD Trucking refers to Mr. Wortham's Driver Logs produced in response to Request No. 23. In response to subpart (e), HMD Trucking refers to the Viber Messages produced in response to Request No. 20 and the Phone Recordings of Mr. Wortham reporting the subject incident to HMD Trucking personnel included in the provided OneDrive link, bates stamped HMD TRUCKING 000026 – HMD TRUCKING 000030.

**REQUEST NO. 25:** All audits and summaries of WORTHAM's hours of service covering the period beginning one year prior to the Subject Collision and ending 14 days following the Subject Collision.

**RESPONSE:** HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. HMD Trucking objects to this request because the phrase "summaries of WORTHAM's hours of service" is vague and ambiguous.

Subject to and without waiving the foregoing objection(s), and to the extent responsive, HMD Trucking refers to the Driver Logs produced in response to Request No. 23.

<u>**VEHICLE INFORMATION**</u>

**REQUEST NO. 26:** For the vehicle involved in the Subject Collision, produce the following documents:

    a.     Title;

    b.     Registration;

25

c.        Operators manual;

d.        Maintenance Schedules;

e.        All documents evidencing maintenance performed on the vehicle at any time within 6 months before the Subject Collision;

f.        All documents evidencing any inspections of the vehicle during the 6 months before the Subject Collision;

g.        All documents evidencing any repairs and/or modifications to the vehicle at any time within 6 months before the Subject Collision;

h.        All documents evidencing any repairs made to the vehicle as a result of the subject collision (including insurance submissions);

1.        All leases involving the vehicle;

J.        Documents evidencing the purchase of the vehicle;

k.        Documents evidencing the sale of the vehicle if it has been sold;

I.        Documents evidencing mileage and weight at time of the Subject Collision; and

m.        Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking refers to a copy of the registration of the truck involved in the Subject Collision covering the time period including the date of the Subject Collision, bates stamped HMD TRUCKING 000081; a Work Order Report evidencing all maintenance and repairs performed on the truck within 6 months before the Subject Collision and as a result of the Subject Collision, bates stamped HMD TRUCKING 000082 – HMD TRUCKING 000089; Mr. Wortham's driver logs for the seven (7) days leading up to the alleged incident, including the day of the subject incident produced in response to Request No. 23, which reflects the mileage of the truck at the time of the Subject Collision; and the bill of lading and other shipping documents relating to the**

cargo in the truck at the time of the Subject Collision produced in response to Request No. 24.

**REQUEST NO. 27:** If any data is available (whether or not downloaded or retrieved) from the vehicle or any part or system from the vehicle (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking has no ECM, EDR, SDM, or other truck data relating to the Subject Collision other than that shown on the annotated dash camera videos produced included in the provided OneDrive link, bates stamped HMD TRUCKING 000001 – HMD TRUCKING 000025.**

**REQUEST NO. 28:** If the vehicle at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**RESPONSE: HMD Trucking has no responsive documents within its possession, custody or control.**

**REQUEST NO. 29:** All communications and transmissions between WORTHAM and HMD TRUCKING that were transmitted through any system on-board of the vehicle or trailer(s) involved in the Subject Collision for the period beginning 30 days before the Subject Collision and ending seven days after the Subject Collision. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee,

Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking refers to the Viber Messages produced in response to Request No. 20 and the Phone Recordings of Mr. Wortham reporting the subject incident to HMD Trucking personnel produced in response to Request No. 24.**

**REQUEST NO. 30:** If the vehicle was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking refers to dash camera videos relating to the Subject Collision. HMD has no other responsive documents within its possession, custody or control.**

**REQUEST NO. 31:** To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the vehicle and/or anything inside or connected to any part or system of the vehicle that was involved in the Subject Collision.

**RESPONSE: HMD has no responsive documents within its possession, custody or control.**

**REQUEST NO. 32:** A copy of each out of service report or violation concerning the vehicle involved in the Subject Collision from the period beginning one year prior to the Subject Collision through present. This request includes any supplements, responses, amendments and dispositions regarding any violation.

**RESPONSE:** HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. HMD Trucking objects to the term "service report" as vague and ambiguous. To the extent this request refers to driver vehicle inspection reports (DVIRs), Defendant further objects to this request on the grounds that 49 U.S.C. § 396.11 only requires DVIRs to be retained for three (3) months and does not require that DVIRs be prepared or retained at all if no defect or deficiency is discovered or reported.

Subject to and without waiving the foregoing objection(s), HMD Trucking refers to a July 21, 2023 Driver Vehicle Examination Report noting an overweight violation, bates stamped HMD TRUCKING 000090 – HMD TRUCKING 000091.

**REQUEST NO. 33:** All documents evidencing damage to any vehicle or other property as a result of the Subject Collision, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Collision.

**RESPONSE:** HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), HMD Trucking refers to the Work Order Report produced in response to Request No. 26, which shows maintenance and repairs to the tractor involved in the Subject Collision. Defendant also refers to Photographs, bates stamped HMD TRUCKING 000092 – HMD TRUCKING 000107 and documents relating to Plaintiffs' property damage claim, including Appraisal Estimate, bates stamped bates stamped HMD TRUCKING 000108 – HMD TRUCKING 000112 and Book Value, bates stamped HMD TRUCKING 000113.

**REQUEST NO. 34:** Produce all documents related to any settlement for property damage, cargo losses or injuries arising out of the Subject collision, e.g., receipt(s), *release(s),* demand(s), assignment(s), etc.

**RESPONSE: See documents produced in response to Request No. 33.**

29

**REQUEST NO. 35:** For the vehicle involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning one month before the Subject Collision and ending one week after the Subject Collision.

**RESPONSE: Defendant objects to this request on the grounds that 49 U.S.C. § 396.11 only requires DVIRs to be retained for three (3) months and does not require that DVIRs be prepared or retained at all if no defect or deficiency is discovered or reported. Subject to and without waiving the foregoing objection(s), HMD Trucking has no responsive documents within its possession, custody or control.**

**REQUEST NO. 36:** Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Collision for the <u>vehicle.</u>

**RESPONSE: HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking refers to Mr. Wortham's driver's logs produced in response to Request No. 23, which evidence pre-trip inspections for the time period specified.**

**REQUEST NO. 37:** All documents that relate to the load being hauled by WORTHAM at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense are HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking refers to shipping documents relating to the cargo being transported at the time of the Subject Collision produced in response to Request No. 24.**

## SUBJECT COLLISION

**REQUEST NO. 38:** All documents authored by anyone working for or on behalf of HMD TRUCKING that set forth any facts relating to the Subject Collision.

30

**RESPONSE:** HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request as vague and ambiguous.

Subject to and without waiving the foregoing objection(s), HMD Trucking refers to TMW Screens, bates stamped HMD TRUCKING 000114 – HMD TRUCKING 000115 and the Safety & Compliance Review Packet produced in response to Request No. 20.

**REQUEST NO. 39:** All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**RESPONSE:** HMD Trucking objects to this request to the extent it is vague, ambiguous, and potentially overly broad. Defendant further objects to this request to the extent it seeks trial preparation materials or documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. Moreover, Defendant objects to this request as the phrase "preventability and/or avoidability" is vague and ambiguous.

Subject to and without waiving the foregoing objection(s), HMD Trucking refers to the Tennessee Electronic Crash Report produced in response to Request No. 17 and the Safety & Compliance Review Packet, produced in response to Request No. 20.

**REQUEST NO. 40:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

a. Any vehicle involved in the Subject Collision;

b. Any person involved in the Subject Collision;

c. The scene of the Subject Collision; and/or

d. Any evidence (roadway markings or other) relevant to the Subject Collision.

**RESPONSE:** HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), HMD Trucking refers to the diagram in the Tennessee Electronic Crash Report produced in response to Request No.

31

**17; Photographs produced in response to Request No. 33; and dash camera videos produced in response to Request No. 30.**

**REQUEST NO. 41:** All reports (you know what this means and it is not vague) relating to the Subject Collision including those prepared by WORTHAM and those prepared by anyone working for or on behalf of HMD TRUCKING (except lawyers).

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), and to the extent responsive, HMD Trucking refers to its response to Request No. 38.**

**REQUEST NO. 42:** All correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking refers to the Tennessee Electronic Crash Report produced in response to Request No. 17, the Viber Messages produced in response to Request No. 20, and the Phone Recordings of Mr. Wortham reporting the subject incident to HMD Trucking personnel produced in response to Request No. 24.**

**REQUEST NO. 43:** All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking refers to the Phone Recordings of Mr. Wortham reporting the subject incident to HMD Trucking personnel produced in response to Request No. 24.**

32

**REQUEST NO. 44:** If an Accident Review Board or similar entity reviewed the Subject Collision, produce the following:

      a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

      b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      c.      Documents evidencing who was on the board;

      d.      Documents evidencing all criteria for review; and

      e.      Determination of preventability and all other conclusions reached by said board or entity.

**RESPONSE: See objections and response to Request No. 39.**

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 45:** All documents sent to or received from any governmental agency regarding the Subject Collision, the driver involved in the Subject Collision, or any subject that is part of the basis of this lawsuit.

**RESPONSE: To the extent responsive, HMD Trucking refers to the Tennessee Electronic Crash Report produced in response to Request No. 17.**

**REQUEST NO. 46:** All documents and communications of any kind related to any CSA Intervention against your company in the past two years.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking has no responsive documents within its possession, custody or control.**

33

## POLICY AND PROCEDURES

**REQUEST NO. 47:** All HMD TRUCKING policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Collision, relating to:

   a.   Working for or with trucking company generally (e.g., employee manual or handbook);

   b.   Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

   c.   Operation of a commercial vehicle;

   d.   Driving safety;

   e.   Defensive driving;

   f    Compliance with federal and state laws and regulations;

   g.   Accident investigation;

   h.   Accident review boards;

   1.   Determination of preventability of accidents;

   J.   Hiring, training and supervising drivers; and

   k.   Disciplinary actions.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking will produce a copy of its Driver Policy Manual in effect at the time of the Subject Collision and documents relating to other policies located in Mr. Wortham's driver file subject to the entry of a protective order. HMD Trucking has no other responsive documents within its possession, custody or control.**

**REQUEST NO. 48:** Copies of each document that WORTHAM signed to prove that WORTHAM received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of HMD TRUCKING.

**RESPONSE: HMD Trucking objects to this request to the extent it is overly broad, vague, and ambiguous, and seeks information that is not relevant to the subject matter involved in the pending action, nor proportional to the needs of the case.**

**Subject to and without waiving these objections, and to the extent responsive, Defendant refers to Mr. Wortham's personnel file, which Defendant will agree to produce subject to the entry of a protective order.**

**REQUEST NO. 49:** To the degree that HMD TRUCKING has any rules, policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to WORTHAM before the Subject Collision, please produce them now.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), see objections and responses to Request Nos. 47 and 48.**

**REQUEST NO. 50:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by HMD TRUCKING, its personnel, agents, or employees during the year of the Subject Collision and three years prior.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden were HMD to fully respond, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

35

Subject to and without waiving the foregoing objection(s), HMD Trucking believes records reflecting safety training Mr. Wortham completed prior to the date of the Subject Collision will be contained in Mr. Wortham's personnel file, which Defendant will agree to produce subject to the entry of a protective order.

**REQUEST NO. 51:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is vague and ambiguous.**

**Subject to and without waiving the foregoing objection(s), see objections and response to Request No. 61.**

## TRUCKING COMPANY

**REQUEST NO. 52:** Copy of documents showing the hierarchy of managerial positions in the Safety Department at HMD TRUCKING and who occupied such positions as of the time of the Subject Collision and presently.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**REQUEST NO. 53:** A copy of each document (including articles and presentations) prepared and/or presented by any HMD TRUCKING representative relating to defensive driving techniques in the past five years.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), see objections and response to Request No. 50.**

36

**REQUEST NO. 54:** All company newsletters distributed during the period beginning two years before the Subject Collision and present.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), HMD Trucking has no responsive documents within its possession, custody or control.**

**REQUEST NO. 55:** A copy of HMD TRUCKING's accident register maintained as required by 49 CFR § 390.35.

**RESPONSE: HMD objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. HMD further objects to this request because the DOT Accident Register maintained by HMD is protected by statutory privilege. 49 U.S.C. § 504(f); *Sykes v. Bergerhouse*, No. CIV-20-333-G, 2021 WL 5098291, at \*1–2 (W.D. Okla. Nov. 1, 2021); *Sajda v. Brewton*, 265 F.R.D. 334, 340–41 (N.D. Ind. 2009).**

**REQUEST NO. 56:** Transcripts or recordings of all depositions of corporate designees for HMD TRUCKING given in the past five years in cases where it was alleged that a driver working for HMD TRUCKING rear ended another vehicle and thereby caused injury or death to another person.

**RESPONSE: HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**REQUEST NO. 57:** Copies of all documents putting any third party on notice of a claim arising from the Subject Collision.

**RESPONSE: HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is not**

appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), to the extent responsive, Defendant refers to the Tennessee Electronic Crash Report produced in response to Request No. 17. HMD Trucking has no additional non-privileged responsive documents within its possession, custody or control.

**REQUEST NO. 58:** All correspondence and other communication of any kind between you and any other Defendant to this Action.

**RESPONSE:** HMD Trucking objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. HMD Trucking objects to this request because it is overly broad, would subject HMD to undue burden and expense were HMD to fully respond, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), HMD Trucking refers to the Viber Messages produced in response to Request No. 20 and the Phone Recordings of Mr. Wortham reporting the subject incident to HMD Trucking personnel produced in response to Request No. 24.

## MISCELLANEOUS

**REQUEST NO. 59:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.    A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

b.    A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

c.    A copy of the entire file of said expert;

d.    A current resume or curriculum vitae for said expert; and

e.    All billing records and work logs for said expert.

**RESPONSE: Defendant has not made a determination regarding expert witnesses at this time. Defendant will supplement in accordance with applicable Local and Civil Rules and this Court's Scheduling Order.**

**REQUEST NO. 60:** All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**RESPONSE: Objection. Defendant objects to this request to the extent it seeks information protected by the work-product doctrine, made in anticipation of litigation, or subject to the attorney-client privilege, and the mental-impressions of defense counsel. Without waiving these objections and subject to them, Defendant has not made a determination as to what evidence (including expert testimony) it will use at trial to support its claims or defenses in this matter. To the extent responsive, Defendant refers to all documents produced herein.**

**Defendant will supplement this response in accordance with applicable Local and Civil Rules and this Court's Scheduling Order.**

**REQUEST NO. 61:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE: Defendant objects to this request to the extent it seeks information protected by the work-product doctrine, made in anticipation of litigation, or subject to the attorney-client privilege, and the mental impressions of defense counsel. Without waiving these objections and subject to them, Defendant has not yet made a decision regarding exhibits which may be necessary at the trial of this cause. To the extent responsive, Defendant refers to all documents produced herein.**

**Discovery and investigation are likewise ongoing, and Defendant will supplement this response in accordance with applicable Local and Civil Rules and this Court's Scheduling Order.**

**REQUEST NO. 62:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**RESPONSE: Objection.** Defendant objects to this request to the extent it seeks information protected by the work-product doctrine, made in anticipation of litigation, or subject to the attorney-client privilege, and the mental impressions of defense counsel. Without waiving these objections and subject to them, Defendant has not yet made a decision regarding exhibits which may be necessary at the trial of this cause. To the extent responsive, Defendant refers to all documents produced herein.

Discovery and investigation are likewise ongoing, and Defendant will supplement this response in accordance with applicable Local and Civil Rules and this Court's Scheduling Order.

Respectfully submitted,

LEWIS THOMASON, P.C.

By:*/s/Mary Beth White*
    Mary Beth White, BPR #24462
    Mia Lazarini, BPR #41158
    424 Church Street, Suite 2500
    Nashville, TN 37219
    (615) 259-1366
    mbwhite@lewisthomason.com
    mlazarini@lewisthomason.com

*Attorneys for defendant HMD Trucking, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT HMD TRUCKING, INC'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS has been served on the following counsel of record via email:

Tim O. Henshaw, Esq.
Alexander Shunnarah Trial Attorneys
1604 Reggie White Blvd., Suite 102
Chattanooga, TN 37402
thenshaw@asilpc.com

This the 12th day of November 2024.

*/s/Mary Beth White*

40



## SAFETY & COMPLIANCE REVIEW

| NAME: | **Antonio Wortham** | TRUCK: | **1323** | REVIEW DATE: | **3/2/2023** |
|-------|---------------------|--------|----------|--------------|--------------|

**TYPE OF EVENT:**

☑ PREVENTABLE INCIDENT
  ☐ MINOR
  ☑ MAJOR
☐ VIOLATION RECEIVED
  ☐ CITATION
  ☐ WARNING
  ☐ DOT INSPECTION
    ☐ OUT OF SERVICE
  ☐ MOVING VIOLATION
  ☐ NON-MOVING
☐ HOURS OF SERVICE AUDIT
  ☐ 14-HOUR
  ☐ 11-HOUR
  ☐ 8-HOUR
  ☐ 70-HOUR
  ☐ FORM & MANNER
  ☐ FALSE LOG
  ☐ IMPROPER PC / YM
  ☐ OTHER
☐ IMPROPER REPORTING
☐ EQUIPMENT MISUSE
☐ COMPLAINT RECEIVED
☐ LOW NETRADYNE SCORE
☐ OTHER

| EVENT DATE: | DESCRIPTION: |
|-------------|--------------|
| 3/1/2023 | $1,185.04 to replace front bumper on 1323 due to cracked bracket after lane change accident involving a passenger car. No estimate from 3rd party received yet, but total cost of the incident expected to be over $1,500. |

**RESULTING ACTIONS:** / **DETAILS:**

| RESULTING ACTIONS: | DETAILS: |
|--------------------|----------|
| ☑ WRITTEN WARNING | **2nd preventable incident** |
| ☐ MINOR | |
| ☑ MAJOR | |
| ☐ FINAL / PROBATIONARY | |
| ☑ TRAINING / COACHING | |
| ☑ INFINIT-I ASSIGNMENT | **To be completed by 3/10/23** |
| ☐ IN-PERSON | |
| ☑ SETTLEMENT DEDUCTION | $1,185.04 |
| ☐ OTHER: | |

**WHAT NEEDS TO BE IMPROVED?**
Always lean & look over the hood as much as possible when changing lanes to help eliminate as much of your blind spot as possible.

**DRIVER STATEMENT:**
Around 18:45 I was passing a black Toyota Corolla and after I pass them I'm guessing they turned they lights off because I turned my right signal to get back in the right lane look in my rear view mirror twice didn't see anything merge over and that's when I seen the car swerve in and out my lane and accuse me of hitting them.

*The consequences resulting from the above violations are set forth in the Driver Policy Manual. In the future, it's important that you take necessary precautions to remain in compliance with our company policy as well as federal, state and local laws. Failure to do so will result in further consequences as described in the Driver Policy Manual, potentially including termination. The company is confident that moving forward you'll be able to take the necessary steps to avoid further violations.*

| DRIVER SIGNATURE | 3/10/2023 | COMPANY REPRESENTATIVE SIGNATURE | 3/10/2023 |
|------------------|-----------|----------------------------------|-----------|
| | DATE | | DATE |

HMD TRUCKING 000047