## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RADHA BOLIVAR AND ANGELICA GOATACHE, **Plaintiffs,** | ) ) ) ) | **DOCKET NO. 1:24-cv-00155** |
| **v.** | ) ) | **JUDGE VARLAN** |
| HMD TRUCKING, INC., and ANTONIO WORTHAM, **Defendants.** | ) ) ) ) ) | **MAGISTRATE JUDGE LEE** **Jury Demanded** |

### DEFENDANT ANTONIO WORTHAM RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Antonio Wortham ("Mr. Wortham" or "Defendant") hereby responds to the first interrogatories and request for production of documents propounded by plaintiffs Radha Bolivar and Angelica Goatache as follows:

### GENERAL OBJECTIONS

1.      This Defendant objects to each and every Interrogatory or Request for Production to the extent it calls for the production of privileged documents, including documents protected by the attorney-client privilege, common-interest privilege, investigative privilege, consulting expert exemption, documents containing work product and documents prepared in anticipation of litigation or trial. This Defendant further objects to each and every Interrogatory or Request for Production to the extent it seeks the disclosure of the identities of, or any work generated by, non-testifying consulting experts retained by or at the direction of this Defendant's attorneys in anticipation or preparation for this and/or other threatened or pending litigation or in connection with the rendering of legal advice to this Defendant. No restatement of any specific objection in

the context of these answers shall be construed to imply a waiver of any unstated privilege objections addressed by this General Objection.

2.      This Defendant objects to each and every Interrogatory or Request for Production to the extent it attempts to impose a duty on this Defendant to produce documents that are available from other entities not parties in this litigation and to the extent it seeks materials that are available to the public.

3.      This Defendant objects to each and every Interrogatory or Request for Production to the extent it is overly broad, burdensome and oppressive, and seeks documents neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This Defendant is performing a reasonable inquiry and search for documents as required by the applicable Rules of Civil Procedure; however, it is possible that even those Interrogatories or Requests for Production that appear reasonable in scope on their face may, in fact, call for the production of information or certain documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. This Defendant preserves its objection to each such Interrogatory or Request to the extent it calls for the production of such documents.

4.      This Defendant objects to every Interrogatory or Request for Production that uses language such as "each and every" or similarly broad language. Such an Interrogatory or Request is onerous, burdensome, harassing, prejudicial and overly broad. Each Interrogatory or Request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. *See, e.g., United States v. Renault, Inc.*, 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). Moreover, this Defendant has no possible means of making the all-encompassing identification such a broadly worded Interrogatory or Request requires.

2

5.      This Defendant is contacting those persons who have knowledge of the location and/or existence of information that may be responsive.   To the extent that Plaintiffs' Interrogatories or Requests for Production or any portion thereof seek to require this Defendant to take any actions other than those enumerated above, such as identifying "all persons" having knowledge or identifying "all documents" concerning the subject of the Interrogatory or Request, this Defendant objects to said Interrogatory or Request on the grounds that it is unduly burdensome and oppressive.

6.      This Defendant objects to each and every Interrogatory or Request for Production to the extent that it requires this Defendant to produce documents created for it by other parties in that such an Interrogatory is vague, ambiguous, and overly broad.   Additionally, such an Interrogatory is broad enough to include information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, investigative privilege and the consulting expert exemption.

7.      The Responses contained herein are made solely for the purposes of this action. Each Response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds to which the same statement would be subject if delivered in live testimony in court.   All such objections and grounds are expressly reserved by this Defendant and may be interposed at the time of trial or in conjunction with other uses of the Responses when used in reference to a document, to state the date, author, type of document, person or persons to whom it or copies of it were sent, and its present or last known location and custodian.

3

## ANSWERS TO INTERROGATORIES

## YOUR BACKGROUND INFORMATION

1.

State your full name, date and place of birth, and social security number.

**RESPONSE: Antonio Deralle Wortham, born** ████████ **in Georgia. Wortham objects to providing his social security number because it is not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to any party's claim or defense.**

2.

Have you ever been known by any name(s) other than the one you identified in the preceding Interrogatory? If so, identify each name and for each name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name, and explain why you changed names or went by more than one name.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence and seeks information not relevant to any party's claim or defense.**

**Subject to and without waiving the foregoing objection(s), Defendant sometimes goes by "Tony" informally.**

3.

For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, would subject him to undue burden and expense were he to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), at the time of the subject incident, Defendant had a Class A Alabama driver's license, No.** ████████ **that was issued on May 5, 2021 and expired on October 19, 2022. Presently, Defendant has a Class A Alabama driver's license, No.** ████████ **that was issued on September 19, 2022 and expires on October 19, 2026.**

4

4.

Identify everyone who resides in your home with you, giving names, ages, and relationships.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Defendant's wife, Summer Elzy, lives in the home with him.**

5.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Defendant resides at ███ ████████████████ He has lived in this home since 2020. Prior to this residence, Defendant lived at ████████████████████ from 2017 – 2020. Defendant lived in Allatoona, Georgia prior to 2017 but cannot recall his residential address.**

6.

Identify every person, who you are related to by blood or marriage, who resides in the jurisdiction where this case is pending. For each person, identify his/or her employer, job position, age and how each is related to you. This information is needed for jury selection purposes.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), none.**

7.

Identify each school and/or vocational training programs you have attended starting with high school and provide the dates you attended and whether or not you graduated

**RESPONSE: Mr. Wortham graduated from Troup High School in LaGrange, GA in 2000.**

8.

State the names and addresses of each social, civic, fraternal, professional, occupational, labor and/or religious organizations in which you are a member or have been a member during the last ten years, including in your response the inclusive dates of membership and any offices you have held therein.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Defendant is not involved in any such organizations.**

9.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, would subject him to undue burden and expense were he to fully respond, is not appropriately limited in temporal scope, seeks to substitute interrogatories for deposition testimony, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Defendant is presently working for HMD Trucking as an independent contractor. He has worked here since November 8, 2021. Previously, Defendant held the following roles:**

6

a. **Publix Distribution Centers; Order Filler, Dock Coordinator, and Company Driver; 2014 –2021; Left because he wanted to become an owner-operator for a trucking company**
b. **Wal-Mart; Order Filler; 2003 –2014; Left because of job opportunity at Publix**

10.

If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. Mr. Wortham further objects to this request as it is vague and ambiguous. The scope is unclear. Defendant will consider supplementing his response to this interrogatory upon further clarification from Plaintiff's counsel.**

11.

Identify each motor vehicle collision(s) that you have been involved in during the past 10 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, seeks to substitute interrogatories for deposition testimony, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), in addition to the Subject Collision involving Mr. Wortham and Plaintiffs and to the best of Defendant's recollection, Mr. Wortham was involved in another motor vehicle incident in October 2020 in which another vehicle hit the side of his tractor trailer near Coleman, AL. The other driver was transported from the scene via EMS ground and received a traffic citation for causing the incident. Since the Subject Collision involving Mr. Wortham and Plaintiffs, Mr. Wortham has been involved in one incident in February 2024. He was rear-ended by another driver in Indiana.**

12.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance,

7

law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**RESPONSE: Wortham objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, seeks to substitute interrogatories for deposition testimony, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), to the best of Defendant's recollection, he has not received any traffic citations in the past ten years.**

13.

For every instance when your driving privileges have been suspended, revoked, canceled or otherwise restricted in any way, explain why, when and by whom.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), during the past ten (10) years, none.**

14.

Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, sleep motor skills, sensory abilities, etc.) and/or any prescriptions during the past five years whatsoever? If so, describe in detail each condition and/or prescription and identify who treated you for each such condition and/or who prescribed you each such drug.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the**

8

discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), no.

15.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Defendant was involved in a divorce proceeding in 2010 in Georgia.**

16.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training received since obtaining your CDL.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Defendant has participated in driver orientation and seasonal training sessions with HMD Trucking and Publix Distribution Centers.**

## YOU AND HMD TRUCKING

17.

What was your employment status on date of Subject Collision (employed company driver, leased driver, other) and rate of pay?

9

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, would subject him to undue burden and expense were he to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham was an independent contractor of HMD Trucking. His pay was based on the number of miles driven under dispatch.**

18.

Describe in detail all training and education (including on the job training) provided to you by or on behalf of HMD TRUCKING at any time and in any way related to the operation of a commercial motor vehicle.

**RESPONSE: Defendant objects to this interrogatory to the extent it is overly broad, vague, and ambiguous. Subject to and without waiving the foregoing objection(s), to the best of Defendant's recollection, he received training at orientation and refresher training on safety topics from HMD Trucking a few times per year.**

19.

For the time period starting 48 hours before the Subject Collision and ending 48 hours after the Subject Collision, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of HMD TRUCKING, anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose.

**RESPONSE: Mr. Wortham objects to this interrogatory because it is overly broad, would subject him to undue burden and expense were he to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), on or about the date of the Subject Collison, Mr. Wortham communicated by phone and text message with HMD Trucking safety personnel (upon information and belief, Elias Lukosius) regarding the Subject Collision. He also communicated with his dispatcher regarding his job responsibilities.**

10

## SUBJECT COLLISION

20.

Identify each person with whom you communicated in any way regarding the Subject Collision at any time and provide the details of when, why, where, and for what purpose these communications occurred. Communications for which you assert a privilege should be identified on a privilege log.

**RESPONSE: Mr. Wortham objects to this interrogatory because it seeks information protected by the attorney-client privilege or the work product doctrine. Wortham objects to this interrogatory because it is overly broad, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Defendant refers to his answer to Interrogatory No. 19. To the best of Defendant's recollection, he also briefly communicated with Plaintiffs after the subject incident but cannot recall the substance of their conversation beyond Plaintiffs' concern about the minimal damage to their vehicle.**

21.

Identify all persons who to your knowledge were present at the scene of the Subject Collision within 48 hours of the time of the Subject Collision and explain their role at the scene of the Subject Collision and what actions they took.

**RESPONSE: Other than those persons identified in the police report, Mr. Wortham is not aware of any persons present at the scene of the Subject Collision at any time in the 48 hours after the collision.**

22.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims or defenses raised in this action. The purpose of

11

this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**RESPONSE: Other than those persons identified in the police report and physicians who met Plaintiffs regarding their alleged injuries, Mr. Wortham is not aware of any persons who have relevant testimony of any kind in connection with this case. Discovery is ongoing. Mr. Wortham will provide his preliminary witness list in accordance with the Court's scheduling order in this action.**

23.

If you maintain that any Plaintiff has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**RESPONSE: Mr. Wortham objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine and/or seeks to invade the mental impressions of his counsel.**

**Subject to and without waiving the foregoing objection(s), at this time Mr. Wortham does not contend that Plaintiffs are responsible for causing the Subject Collision. Discovery is ongoing. Mr. Wortham is investigating the causes of the damages alleged in the Complaint.**

24.

If you maintain that any person or entity other than you has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and/or entity, describe in detail the basis for their responsibility and identify all person(s) and documents that support your contentions.

**RESPONSE: Mr. Wortham objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine and/or seeks to invade the mental impressions of his counsel.**

**Subject to and without waiving the foregoing objection(s), at this time Mr. Wortham does not contend that any third party is responsible for causing the Subject Collision. Discovery is ongoing. Mr. Wortham is investigating the causes of the damages alleged in the Complaint.**

25.

Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the Subject

Collision occurred? If so, please state the time at which the test was administered, the name,

address and phone number of the persons, firms, or entities who administered said test(s) and all

such persons, firms, or entities in possession of a copy of the results of said test(s).

**RESPONSE: No. No drug or alcohol test was required by FMCSA regulations because Plaintiffs reported that they were not injured and drove their vehicle away from the scene of the Subject Collision.**

26.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or

other tangible or documentary evidence depicting the scene of the Subject Collision and/or any

person or vehicle involved in the Subject Collision.

**RESPONSE: Defendant objects to this interrogatory to the extent it is overly broad, vague, and ambiguous, and seeks information that is not relevant to any claim or defense in this case. Further, Defendant objects to this interrogatory to the extent that it seeks information protected by the work-product doctrine, made in anticipation of litigation, or subject to the attorney-client privilege.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham refers to the diagram in the Tennessee Electronic Crash Report, dash camera video of the subject incident, photographs he took at the incident scene, and photographs of Plaintiffs' vehicle taken in connection with resolution of Plaintiffs' property damage claim.**

<u>**MISCELLANEOUS**</u>

27.

Identify each person HMD TRUCKING expects to call as an expert witness at trial and for

each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b)

identify the factual basis for each such opinion; (c) identify all documents and evidence of any

kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**RESPONSE: Defendant has not made a determination regarding expert witnesses at this time. Defendant will supplement in accordance with applicable Local and Civil Rules and this Court's Scheduling Order.**

## **VERIFICATION**

I, <u>Antiono Worthsm</u>, pursuant to 28 U.S.C. 1746 and Federal

Rule of Civil Procedure 33, declare under penalty of perjury that the foregoing responses to Plaintiffs'

First Set of Interrogatories to Defendant Antonio Wortham are true and correct.

_____            <u>11/7/2024</u>
**ANTONIO WORTHAM**                          **DATE**

15

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### GENERAL

**REQUEST NO. 1:** A copy of each document relied upon by you in any way in responding to Plaintiff's First Interrogatories to WORTHAM.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), Defendant refers to all documents produced herewith.**

**REQUEST NO. 2:** All documents setting forth the relationship between you and HMD TRUCKING. This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and retention guidelines, requirements, standards, memorandum and the like.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 3:** All documents that relate to your qualifications to operate a commercial motor vehicle.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, is vague and ambiguous, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham is informed that HMD Trucking will produce a copy of his CDL.**

16

**REQUEST NO. 4:** All documents that relate to work you have done for any trucking company in the past seven years. This includes any documents you prepared for any trucking company and any documents you ever received from any trucking company.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, is vague and ambiguous, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Defendant is not in possession of any documents responsive to this request.**

**REQUEST NO. 5:** All medical certificates issued to you for the past seven years.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham refers to his current Medical Certificate, bates stamped WORTHAM 000012.**

**REQUEST NO. 6:** All blood and/or urine drug/alcohol test results for the past seven years.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad and unduly burdensome, is not appropriately limited in temporal scope, is vague and ambiguous, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 7:** All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, is vague and ambiguous, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 8:** All documents that relate in any way to your orientation at HMD

TRUCKING.

**RESPONSE: Defendant objects to this request to the extent it is overly broad, vague, and ambiguous. Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 9:** All documents that relate in any way to your training to operate a

commercial motor vehicle.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, is vague and ambiguous, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham is informed that HMD Trucking will produce a copy of his CDL issued to him at the time of the Subject Collision. Mr. Wortham has no additional responsive documents within his possession, custody, or control.**

**REQUEST NO. 10:** The front and back of every driver's license issued to you (regardless

of name used).

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham refers to his current driver's license, bates stamped WORTHAM 000010 – WORTHAM 000011. Mr. Wortham has no additional responsive documents within his possession, custody, or control.**

**REQUEST NO. 11:** All documents giving notice to you of any violation of any law,

ordinance or regulation.

**RESPONSE: Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, is vague and ambiguous, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham does not have any responsive documents in his possession, custody, or control.**

18

**REQUEST NO. 12:** All citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 13:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of HMD TRUCKING directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**RESPONSE: Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 14:** All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**RESPONSE: Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), and to the extent responsive, Defendant refers to the Tennessee Electronic Crash Report for the subject incident, bates stamped WORTHAM 000001 – WORTHAM 000009. Mr. Wortham does not have any additional documents in his possession, custody, or control.**

**REQUEST NO. 15:** For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the vehicle that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time

period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**RESPONSE: Defendant objects to this request to the extent it is overly broad and vague and seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing objection(s), Mr. Wortham does not have any responsive documents in his possession, custody, or control.**

**REQUEST NO. 16:** All MVR records regarding you.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham is informed that HMD Trucking will produce MVR records relating to him. Mr. Wortham has no additional responsive documents within his possession, custody, or control.**

**REQUEST NO. 17:** All DAC reports regarding you.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 18:** Copies of each personnel file and employment-related file in your possession.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, is vague and ambiguous, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 19:** All medical treatment records related to injuries sustained by you in during the Subject Collision.

20

**RESPONSE: Defendant objects to this request to the extent it is vague, ambiguous, and overly broad and seeks information that is not relevant to any party's claim or defense, nor proportional to the needs of the case. Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 20:** All correspondence and other communications of any kind between you and any third-party relating to the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no non-privileged, responsive documents within his possession, custody, or control.**

**REQUEST NO. 21:** All correspondence and other communications of any kind between you and any other Defendant in this case.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel. Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no non-privileged, responsive documents relating to the Subject Collision within his possession, custody, or control.**

## HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 22:** All hours of service logs and other time logs for the period beginning 8 days before the Subject Collision and ending 8 days following the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

21

**REQUEST NO. 23:** In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 8 days before the Subject Collision and ending 2 days following the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 24:** For the period beginning 8 days prior to the Subject Collision and ending 2 days after the Subject Collision produce all of the following documents:

1. bills of lading, pick-up and delivery records, manifests;

2. dispatch/radio records;

3. fax transmissions;

4. gate record receipts and yard receipts;

5. port of entry receipts;

6. pre-rate records;

7. wrecker or tow truck records;

8. trip summaries;

9. credit card receipts;

10. toll tickets/receipts;

11. fuel receipts;

12. weight/scale tickets;

13. state entry and departure records;

14. expense sheets;

15. interchange and inspection reports;

16. driver and vehicle examination reports;

17. manifests and waybills;

18. rental contracts involving the vehicle;

19. seal records for the trailer(s);

20. crash reports; traffic citations;

21. overweight/oversize permits;

22. lodging receipts;

23. repair/maintenance receipts;

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

## VEHICLE INFORMATION

**REQUEST NO. 25:** All out of service orders for the vehicle in question.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 26:** All documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**RESPONSE: Mr. Wortham objects to this request because it is vague, ambiguous, and potentially overly broad. Subject to and without waiving these objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

23

**REQUEST NO. 27:** For the vehicle(s) involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Collision and ending one week after the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, is vague and ambiguous, is not appropriately limited in temporal scope, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case. Defendant further objects to this request on the grounds that 49 U.S.C. § 396.11 only requires DVIRs to be retained for three (3) months and does not require that DVIRs be prepared or retained at all if no defect or deficiency is discovered or reported.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

## LOAD

**REQUEST NO. 28:** All documents that relate, refer and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, vague, and ambiguous and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

## SUBJECT COLLISION

**REQUEST NO. 29:** Copies of all documents in your possession, custody and/or control relating in any way to the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), to the extent responsive, Defendant refers to the Tennessee Electronic Crash Report produced in response to Request**

**No. 14. Mr. Wortham has no additional non-privileged, responsive documents within his possession, custody, or control.**

**REQUEST NO. 30:** All documents sent by you to any person or entity (other than your attorney(s)), regarding the Subject Collision and/or describing the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham refers to the Tennessee Electronic Crash Report produced in response to Request No. 14. Mr. Wortham has no additional responsive documents within his possession, custody, or control.**

**REQUEST NO. 31:** All documents related to any investigation done by or on behalf of HMD TRUCKING of the scene of the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), and to the extent responsive, Mr. Wortham refers to the Tennessee Electronic Crash Report produced in response to Request No. 14. Mr. Wortham has no additional responsive documents within his possession, custody, or control.**

**REQUEST NO. 32:** All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), and to the extent responsive, Mr. Wortham refers to the Tennessee Electronic Crash Report produced in response to Request No. 14. Mr. Wortham has no additional responsive documents within his possession, custody, or control.**

**REQUEST NO. 33:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

25

1.  Any vehicle involved in the Subject Collision;

2.  Any person involved in the Subject Collision;

3.  The scene of the Subject Collision; and/or

4.  Any evidence (roadway markings or other) relevant to the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), and to the extent responsive, Mr. Wortham refers to the Tennessee Electronic Crash Report produced in response to Request No. 14. Mr. Wortham has no additional responsive documents within his possession, custody, or control.**

**REQUEST NO. 34:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE: Defendant objects to this request to the extent it seeks information protected by the work-product doctrine, made in anticipation of litigation, or subject to the attorney-client privilege, and the mental impressions of defense counsel. Without waiving these objections and subject to them, Defendant has not yet made a decision regarding exhibits which may be necessary at the trial of this cause. Discovery and investigation are likewise ongoing, and Defendant will supplement its response to this request to the extent required by the applicable rules of civil procedure, the local rules of court, and any subsequently entered case management orders in this action.**

**REQUEST NO. 35:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), and to the extent responsive, Mr. Wortham refers to the Tennessee Electronic Crash Report produced in**

26

response to Request No. 14. Mr. Wortham has no additional responsive documents within his possession, custody, or control.

**REQUEST NO. 36:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

**RESPONSE: Mr. Wortham objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine or seeks to invade the mental impressions of counsel.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

**REQUEST NO. 37:** A copy of your cell phone records for the period beginning 48 hours before the Subject Collision and ending 24 hours after the Subject Collision including any and all records and bills reflecting usage, call time, caller identification, incoming/outgoing, data usage, text messaging data, recipient identification, etc. If you do not have these documents in your possession, you are requested to login into your account and preserve these records and/or contact your cellular provider and obtain a copy of these records as these records are within your control.

**RESPONSE: Mr. Wortham objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence and seeks information not relevant to any party's claim or defense.**

**Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

<u>**GOVERNMENTAL CONTACT AND INTERVENTION**</u>

**REQUEST NO. 38:** All documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

**RESPONSE: Mr. Wortham objects to this request because it is overly broad, would subject him to undue burden and expense were he to fully respond, is not appropriately limited in temporal scope, is not reasonably calculated to lead to the discovery of admissible**

27

evidence, and seeks information not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), Mr. Wortham refers to the Tennessee Electronic Crash Report produced in response to Request No. 14. Mr. Wortham has no additional responsive documents within his possession, custody, or control.

## POLICIES AND PROCEDURES

**REQUEST NO. 39:** All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by HMD TRUCKING that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

**RESPONSE: Defendant objects to this request to the extent it is overly broad, vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing objection(s), Mr. Wortham has no responsive documents within his possession, custody, or control.**

## EXPERTS

**REQUEST NO. 40:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a. A copy of all documents (as that term is defined above) and items of any kind produced to said expert;

    b. A copy of all documents (as that term is defined above) and items of any kind generated or produced by said expert;

    c. A copy of the entire file of said expert;

    d. A current résumé or curriculum vitae for said expert; and

    e. All billing records and work logs for said expert.

**RESPONSE: Defendant has not made a determination regarding expert witnesses at this time. Defendant will supplement in accordance with applicable Local and Civil Rules and this Court's Scheduling Order.**

Respectfully submitted,

LEWIS THOMASON, P.C.

By: */s/Mary Beth White*
    Mary Beth White, BPR #24462
    Mia K. Lazarini, BPR #41158
    424 Church Street, Suite 2500
    Nashville, TN 37219
    (615) 259-1366
    mbwhite@lewisthomason.com
    mlazarini@lewisthomason.com

*Attorneys for defendant Antonio Wortham*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT ANTONIO WORTHAM'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS has been served on the following counsel of record via email:

Tim O. Henshaw, Esq.
Alexander Shunnarah Trial Attorneys
1604 Reggie White Blvd., Suite 102
Chattanooga, TN 37402
thenshaw@asilpc.com

This the 12th day of November 2024.

*/s/Mary Beth White*

29