# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
_____

| | | |
|---|---|---|
| **RADHA BOLIVAR AND** | ) | |
| **ANGELICA GOATACHE,** | ) | |
|     **Plaintiffs,** | ) | **DOCKET NO. 1:24-cv-00155** |
| | ) | |
| **v.** | ) | **JUDGE TRAVIS R. MCDONOUGH** |
| | ) | |
| **HMD TRUCKING, INC., and** | ) | **MAGISTRATE JUDGE** |
| **ANTONIO WORTHAM,** | ) | **MICHAEL J. DUMITRU** |
|     **Defendants.** | ) | |
| | ) | **Jury Demanded** |

---

**DEFENDANT HMD TRUCKING, INC. AND ANTONIO WORTHAM'S STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' PUNITIVE DAMAGES CLAIMS AGAINST HMD TRUCKING, INC. AND ANTONIO WORTHAM AND ON DIRECT NEGLIGENCE CLAIMS AGAINST HMD TRUCKING, INC.**

---

Defendants HMD Trucking, Inc. ("HMD Trucking" or "HMD") and Antonio Wortham ("Mr. Wortham") (collectively "Defendants"), through counsel and pursuant to Federal Rule of Civil Procedure 56(c), submit this Statement of Undisputed Material Facts in support of their Motion for Partial Summary Judgment on punitive damages and as to direct negligence.

## UNDISPUTED MATERIAL FACTS

1.    This case involves a two-vehicle incident between a tractor trailer driven by Mr. Wortham and another vehicle driven by Radha Bolivar Angeles ("Mr. Bolivar"), with passenger Angelica Goatache ("Ms. Goatache," collectively with Mr. Bolivar as "Plaintiffs") in Kimball, Marion County, Tennessee ("Incident"). (Compl. at ¶¶10-11, Doc. 1-2; HMD Trucking Answer to Compl. at ¶8, Doc. 10).

    **RESPONSE:**

2. Mr. Wortham was driving as an independent contractor for HMD Trucking at the time of the Incident. (Compl. at ¶27, Doc. 1-2; HMD Trucking Answer to Compl. at ¶27, Doc. 10).

**RESPONSE:**

3. Just prior to the Incident, Mr. Wortham was traveling on Interstate 24 West in the left lane, and Mr. Bolivar was traveling on Interstate 40 West in the right lane. (Deposition of Antonio Wortham attached to Motion as **Exhibit A** ("Wortham Dep.") at 15:13; Compl. at ¶ 11, Doc. 1-2).

**RESPONSE:**

4. Mr. Wortham attempted to merge into the right lane but in doing so, he struck Mr. Bolivar's vehicle. (Wortham Dep. at 15:13-23; Compl. at ¶12, Doc. 1-2; HMD Trucking Answer to Compl. at ¶12, Doc. 10).

**RESPONSE:**

5. Mr. Bolivar was in Mr. Wortham's blind spot and Mr. Wortham did not see Mr. Bolivar's vehicle before he attempted to change lanes (*See generally*, Deposition of Radha Bolivar attached to Motion as **Exhibit B** ("Bolivar Dep."); Deposition of Angelica Goatache attached to Motion as **Exhibit C** ("Goatache Dep."); Compl, Doc. 1-2; Pl. Bolivar's Resp. to Defs' Interrog, attached to Motion as **Exhibit G**; Pl. Goatache's Resp. to Defs' Interrog, attached to Motion as **Exhibit H**).

**RESPONSE:**

6.      Before Mr. Wortham became an independent contractor for HMD on November 18, 2021, HMD Trucking inquired with his prior employers regarding his driving history. (Deposition of Fausta Mikniute attached to Motion as **Exhibit D** ("Mikniute Dep") at 10:22, 36:15-17).

**RESPONSE:**

7.      Prior to working for HMD Trucking, Mr. Wortham was only involved in one other incident - he was in a Publix truck and motor vehicle hit his trailer tire. The other driver took complete responsibility of the incident. (Wortham Dep. at 12:11-13).

**RESPONSE:**

8.      Additionally, prior to working for HMD Trucking, Mr. Wortham had no moving violations under his CDL. (Wortham Dep. at 13:5-9).

**RESPONSE:**

9.      After becoming an independent contractor for HMD, Mr. Wortham was subsequently trained by the HMD safety department and the orientation team and passed a road test. (Mikniute Dep. at 15:22-16:4; Wortham Dep. at 17-19).

**RESPONSE:**

3

10. During the orientation process, Mr. Wortham received training on HMD Trucking's policies and procedures, hours-of-service requirements and logbook management, pre-trip inspections, safe-driving practices, and strategies for avoiding incidents. (Mikniute Dep. at 16:21-17:3; 17:8-10).

**RESPONSE:**

11. HMD Trucking required Mr. Wortham to complete in-person safety classes twice a year and other safety trainings as needed. (Mikniute Dep. at 18:6-9; 19:16-23; 21:3-4).

**RESPONSE:**

12. From November 18, 2021, through the date of the Incident, Mr. Wortham's Netradyne's score did not drop below 750, a score requiring coaching or a write-up under HMD Trucking's Policy. (Mikniute Dep. at 26:12-24; 27:7-8).

**RESPONSE:**

13. From the start of Mr. Wortham's work with HMD Trucking through the date of the Incident, HMD Trucking consistently maintained and audited his logs, and no compliance issues were ever identified. (Mikniute Dep. at 107:13-20).

**RESPONSE:**

14. As of the date of the Incident, HMD Trucking never found Mr. Wortham in violation of his hours of service regulation while driving for HMD. (Mikniute Dep. at 107:21-23).

**RESPONSE:**

15. Mr. Wortham had four minor incidents in 2022. Three of the four minor incidents were equipment damage and the fourth consisted of someone else backing into Mr. Wortham. (Mikniute Dep. at 58-15-23; Mikniute Dep., Exhibit 4, CONFIDENTIAL UNDER PROTECTIVE ORDER HMD TRUCKING 000123).

**RESPONSE:**


16. Mr. Wortham did not report these four minor incidents because of a misunderstanding of the policy due to his independent contractor status and owning his own truck. (Wortham Dep. at 59:4-9, 18-23; Mikniute Dep. at 69:3-14).

**RESPONSE:**


17. As soon as HMD Trucking found out about these four minor incidents, they coached, trained, and wrote up Mr. Wortham. (Mikniute Dep. at 63:2-12).

**RESPONSE:**


18. HMD's August 10, 2022 Safety Improvement Review reflects the four incidents discussed above. While the Safety Improvement Review reflects a "major" classification, this designation does not relate to the severity of the incidents themselves. Instead, "major" refers solely to the total monetary cost of repairs. Any event with repair costs of $1,500 or more is categorized as "major." (Mikniute, Declaration ¶ 30).

5

19.     HMD did not violate its policies or procedures in allowing Mr. Wortham to continue driving under its motor carrier authority after discovering the four prior incidents. (Deposition of Jacob Clary attached to Motion as **Exhibit F** ("Clary Dep.") 72:13-19; Mikniute, Declaration ¶ 32).

20.     Mr. Wortham immediately called HMD Trucking after the Incident to notify them of it. (Mikniute Dep. at 78:5-11, 101:5-8; Wortham Dep. at 30:6-10).

**RESPONSE:**

21.     After the Incident, Mr. Wortham was placed on a performance improvement plan. (Mikniute Dep. at 83:12-19).

**RESPONSE:**

22.     Prior to the Incident, Mr. Wortham had never had an over the road incident where he was deemed at fault. (Wortham's Resp. to Plaintiffs' Interrog., attached to Motion as **Exhibit G**; Mikniute Dep. at 58-15-23; Mikniute Dep., Exhibit 4, CONFIDENTIAL UNDER PROTECTIVE ORDER HMD TRUCKING 000123).

**RESPONSE:**

23.     Prior to the Incident, Mr. Wortham had not been involved in any lane merge motor vehicle incidents. (Wortham's Resp. to Plaintiffs' Interrog,; Mikniute Dep. at 58-15-23; Mikniute Dep., Exhibit 4, CONFIDENTIAL UNDER PROTECTIVE ORDER HMD TRUCKING 000123).

**RESPONSE:**

6

By: /s/ *Mary Beth White*

Mary Beth White, BPR #24462
Ally J. Bojczuk, BPR #042440
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1366
mbwhite@lewisthomason.com
abojczuk@lewisthomason.com

*Attorneys for defendants Antonio Wortham and HMD Trucking, Inc.*

7

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing DEFENDANTS ANTONIO WORTHAM AND HMD TRUCKING, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PUNITIVE DAMAGES AGAINST HMD TRUCKING, INC. AND ANTONIO WORTHAM AND ON DIRECT NEGLIGENCE CLAIMS AGAINST HMD TRUCKING, INC. has been served on the following counsel of record via email and through the Court's electronic filing system:

Timothy O. Henshaw
Alexander Shunnarah Trial Attorneys
1604 Reggie White Blvd., Suite 102
Chattanooga, TN 36402
thenshaw@asilpc.com

This the 8th day of December 2025.

/S/ *Mary Beth White_____*

8