# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TENNESSEE,

# AT CHATTANOOGA

RADHA BOLIVAR and
ANGELICA GOATACHE,
                  Plaintiffs,

v.

HMD TRUCKING, INC., and
ANTONIO WORTHAM,
                  Defendants.

DOCKET NO.  1:24-cv-00155

JUDGE MCDONOUGH

JURY DEMANDED

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT EXPERT TESTIMONY OF DR. JOSEPH SCHAFFER

---

## I. INTRODUCTION

This motion does not challenge Dr. Schaffer's qualifications as an orthopedic shoulder surgeon. Rather, it seeks to prevent expert overreach beyond the boundaries of his actual expertise and to exclude testimony based on hypocritical analytical standards that violate Rule 702's reliability requirements.

Dr. Schaffer's credibility as a reliable expert collapses under the weight of his own contradictory analytical standards. When shown Plaintiff's demonstrative video, he demanded extensive scientific validation including "calculations of force, analysis of muscle forces, material property calculations, biomechanical modeling,

and peer-reviewed validation." Yet his own methodology was admittedly based on "common sense" with no scientific foundation. This result-oriented double standard epitomizes the unreliable expert testimony Rule 702 was designed to exclude.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony only when: (1) the witness is qualified; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the witness has reliably applied the principles and methods to the facts. Fed. R. Evid. 702(a)-(d).

After the 2023 amendment, Rule 702 explicitly requires the proponent of expert testimony to prove by a preponderance of the evidence that the proposed expert testimony is "more likely than not" reliable and based on sufficient facts. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993), established that trial courts must act as gatekeepers, ensuring expert testimony is both relevant and reliable.

Federal district courts across multiple jurisdictions have consistently recognized that expert testimony lacking specialized methodology beyond common observation should be excluded under Rule 702. The foundational principle underlying these decisions traces to the Fourth Circuit's holding in *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986), that expert testimony should

be excluded "as to a matter that is obviously within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance."

Courts must examine the "fit" between an expert's qualifications and their specific opinions. *Johnson v. Manitowoc Boom Trucks, Inc.*, 406 F. Supp. 2d 852, 859 (M.D. Tenn. 2005). Expert testimony that is not helpful to the jury "creates the danger that a jury may unnecessarily defer to the judgment of a highly credentialed expert, when in fact the law considers lay jurors just as capable" of making the determination. *Raimey v. City of Niles*, 676 F. Supp. 3d 547, 559-60 (N.D. Ohio 2022).

## III. ARGUMENT

## A. Dr. Schaffer's Video Analysis Lacks Scientific Foundation and Should Be Excluded Under Well-Established Precedent

Federal courts have developed a clear line of precedent addressing the exclusion of expert testimony based on video observation without specialized methodology. While this Court is not bound by decisions from other districts, the consistent application of this principle across multiple federal jurisdictions demonstrates its soundness.

## 1. The Legal Evolution: From Scott v. Sears to Modern Applications

This Court's sister district in the Eastern District of Kentucky addressed precisely this issue in *Estate of Collins v. Wilburn*, 253 F. Supp. 3d 989, 992 (E.D.

Ky. 2017), holding that "an expert, regardless of his credentials, is no more able than a jury to view and interpret the video." The Collins court explained: "Dr. Kirkham's two-cents, if you will, may only confuse the jury or, at worst, mislead them with his characterizations of what is on the film. Indeed, a[n] expert's evaluation, in this instance, may supplant the jury's exercise of common sense."

This principle has been consistently applied across federal jurisdictions. The Northern District of Ohio reinforced this holding in *Grover v. BMW of N. Am., LLC*, 2022 U.S. Dist. LEXIS 12685, at *13-14 (N.D. Ohio 2022), explaining that expert testimony lacking technical foundation "may supplant the jury's exercise of common sense." The Northern District of Ohio again applied this principle in *Raimey v. City of Niles*, 676 F. Supp. 3d 547, 559-60 (N.D. Ohio 2022), emphasizing the danger that "a jury may unnecessarily defer to the judgment of a highly credentialed expert, when in fact the law considers lay jurors just as capable" of making the determination.

## 2. Dr. Schaffer's Video Analysis Fits This Exclusion Pattern Precisely

Defendants seek to have Dr. Schaffer testify that this collision was "low energy" and could not have caused plaintiff's injuries based solely on his visual interpretation of dashcam footage. Schaffer Dep. 23:8-10, 25:12-13, 22:25-28, 24:22, 77:25-78:1, 22:22-24, Nov. 6, 2025; Schaffer Dep. 15:18-19, June 24, 2025. Dr. Schaffer admits his methodology is "just based on common sense" with no

scientific calculations, no medical school training for video analysis, and no specialized knowledge beyond what any layperson could observe. Schaffer Dep. 57:9-10, 53:6-7, 74:17-18, Nov. 6, 2025

Defendants simultaneously want Dr. Schaffer to offer extensive spine-related causation opinions despite his explicit admission that he is "not a spine specialist" and does not "typically offer expert opinions on low back pain." Schaffer Dep. 19:2-3, 19:11-12, June 24, 2025; Schaffer Dep. 45:9-11, Nov. 6, 2025.

This represents exactly the type of testimony Rule 702 prohibits: expert opinions that exceed qualifications and lack reliable methodology, essentially placing a "juror with a medical degree" on defendants' witness stand.

Dr. Schaffer's deposition admissions establish that his video analysis methodology lacks the specialized knowledge required under Rule 702:

- **No Specialized Training:** "We do not have a class on that in medical school, no"

- **No Scientific Foundation:** "this is just based on common sense I think"

- **No Mathematical Analysis:** "I did not do any math"

- **Admits Impossibility of Scientific Calculations:** "I think that would be actually impossible to do accurately"

- **No Medical Literature Support:** "I have not cited any medical literature specifically, no"

Schaffer Dep. 53:6-7, 57:9-10, 57:25, 74:17-18, 74:22-23, Nov. 6, 2025.

When asked what specialized knowledge he brings beyond "just you as a person looking at it and saying he doesn't look injured to me," Dr. Schaffer could not articulate any distinguishing medical expertise for video analysis. Schaffer Dep. 54:12-18, Nov. 6, 2025

## B. Dr. Schaffer's Inconsistent Analytical Standards Violate Rule 702's Reliability Requirements

Dr. Schaffer's own deposition admissions establish the fundamental flaw in his approach: result-oriented inconsistency in applying analytical standards that violates Rule 702's reliability requirements.

When confronted with Plaintiff's demonstrative video, Dr. Schaffer rejected it and demanded rigorous scientific validation, stating: "show me -- if you have -- if you have more calculations -- if you have something that's, like, a really advanced model, like, a biomechanical model of all of this... and you're able to show all of those calculations, that would be really impressive. I think that would need to be looked at by biomechanical experts and proven in a peer review -- reviewed journal." Schaffer Dep. 59:19-60:1, Nov. 6, 2025.

Yet Dr. Schaffer applied none of these same scientific standards to his own analysis, as demonstrated by his admissions listed above. Schaffer Dep. 53:6-7, 57:9-10, 57:25, 74:17-18, 74:22-23, Nov. 6, 2025. This hypocritical rejection of

scientific validation he never applied to his own work violates Rule 702's requirement for reliable application of principles to facts.

## C. Dr. Schaffer's Spine Opinions Exceed His Qualifications Under Rule 702(a)

Rule 702(a) requires expert testimony be based on specialized knowledge within the witness's expertise. Dr. Schaffer's own admissions disqualify him from offering spine-related opinions:

- "I don't typically offer expert opinions on low back pain"

- "I'm not a spine specialist"

- When asked why he offered spine opinions despite this limitation, he responded: "Because I felt comfortable that, you know, with this particular case, that -- that even my opinion as a non-spine specialist was valid here"

Schaffer Dep. 19:2-3, 19:11-12, 19:14-16, June 24, 2025. Courts must examine the "fit" between an expert's qualifications and their specific opinions. *Johnson*, 406 F. Supp. 2d at 859. Dr. Schaffer lacks the specialized spine knowledge required for reliable lumbar causation opinions.

## D. Dr. Schaffer's Testimony Fails to Assist the Trier of Fact Under Rule 702(a)

Dr. Schaffer's testimony fails to assist the trier of fact because it provides only negative conclusions without alternative explanations or systematic medical analysis. He admits he cannot identify what actually caused plaintiff's injuries,

performing no differential diagnosis or systematic analysis of alternative causes. Schaffer Dep. 15:3, June 24, 2025; Schaffer Dep. 74:11-12, Nov. 6, 2025

This approach creates "too great an analytical gap between the data and the opinion proffered," Nelson v. Tenn. Gas Pipeline Co., 243 F.3d 244, 254 (6th Cir. 2001), and fails Rule 702's requirement that expert testimony actually help the jury understand medical evidence rather than simply eliminate one possibility through "common sense" observation lacking scientific foundation.

## IV. CONCLUSION

From the Eastern District of Kentucky's decision in *Collins*, to the Northern District of Ohio's applications in *Grover* and *Raimey*, to the Fourth Circuit's foundational ruling in *Scott v. Sears*, federal courts have recognized that expert testimony lacking specialized methodology beyond common observation should be excluded under Rule 702.

Dr. Schaffer's own admissions establish that his spine opinions exceed his qualifications and his video analysis methodology represents precisely the type of "juror with a medical degree" testimony that federal courts have consistently excluded. His inconsistent application of analytical standards—demanding scientific validation from Plaintiff while providing none for his own conclusions—violate Rule 702's reliability requirements.

As he testified, his analysis is "just based on common sense" rather than specialized medical expertise. This Court should limit his testimony to his areas of actual expertise to protect both the integrity of expert testimony standards and prevent jury confusion.

Respectfully submitted,

ALEXANDER SHUNNARAH
TRIAL ATTORNEYS.

By:
Tim O. Henshaw, BPR # 036043
Attorney for Plaintiffs
1604 Reggie White Blvd., Ste. 102
Chattanooga, TN 37402
Direct: (423) 417-9205
Fax: (423) 719-2005
THenshaw@asilpc.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT EXPERT TESTIMONY OF DR. JOSEPH SCHAFFER by mailing the same to the attorneys/parties listed via First Class U.S. Mail and/or via electronic mail:

Mary Beth White, Esq. (BPR # 24462)
Ally J. Bojczuk, Esq. (BPR # 42240)
424 Church Street, Suite 2500
P. O. Box 198615
Nashville, TN 37219

mbwhite@lewisthomason.com
abojczuk@lewisthomason.com
ATTORNEYS FOR HMD TRUCKING,
INC. and ANTONIO WORTHAM

This the 8th day of December 2025.

Respectfully submitted,

ALEXANDER SHUNNARAH
TRIAL ATTORNEYS.

By:
Tim O. Henshaw, BPR # 036043
Attorney for Plaintiffs
1604 Reggie White Blvd., Ste. 102
Chattanooga, TN 37402
Direct: (423) 417-9205
Fax: (423) 719-2005
THenshaw@asilpc.com