

**User Name:** Tim Henshaw

**Date and Time:** Friday, November 14, 2025 1:44 AM EST

**Job Number:** 268003956

## Document (1)

1. Glenn v. HMD Trucking, Inc.

   **Client/Matter:** The Henshaw Firm, LLC

   **Search Terms:**

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   | --- | --- |
   | | -None- |

About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2025 LexisNexis

Tim Henshaw



# Glenn v. HMD Trucking, Inc.

United States District Court for the Northern District of Georgia, Atlanta Division

April 12, 2021, Decided; April 13, 2021, Filed

1:18-CV-04410-ELR

**Reporter**
2021 U.S. Dist. LEXIS 260661 *; 2021 WL 9315370

ROBERT GLENN, Plaintiff, v. HMD TRUCKING, INC., et al., Defendants.

**Counsel:  [*1]** For Cristian Gisca, H M D Trucking Inc., Defendants: Clay Seaton O'Daniel, Matthew Robert Johnson, LEAD ATTORNEYS, O'Daniel McDonald LLC, Atlanta, GA.

For Georgia Medical Assurance Funding LLC, Movant: Michelle L McClafferty, Burr & Forman LLP-ATL, Atlanta, GA.

For Robert Glenn, Plaintiff: Brian Thomas Mohs, Fried Goldberg LLC, Atlanta, GA; Cooper Franklin Spence, LEAD ATTORNEY, Cooper F. Spence Attorney at Law LLC, Atlanta, GA.

**Judges:** Eleanor L. Ross, United States District Judge.

**Opinion by:** Eleanor L. Ross

## Opinion

### ORDER

Presently before the Court is Plaintiff's Motion for Reconsideration. [Doc. 96]. For the reasons below, the Court grants Plaintiff's motion.

### I. Background

This case arises from a September 6, 2016 motor vehicle collision and resulting injuries for which Plaintiff Robert Glenn seeks to recover damages. Compl. [Doc. 1-1]. The collision on I-75 in Henry County, Georgia, involved a personal vehicle operated by Plaintiff and a 2015 Freightliner, which was owned by Defendant HMD Trucking Inc. ("HMD") and operated by Defendant Cristian Gisca. Id. ¶¶ 1, 14, 15, 20. On August 20, 2018, Plaintiff filed his Complaint in the State Court of Fulton County, Georgia, and Defendants subsequently removed the action **[*2]** to this Court on September 20, 2018. See Notice of Removal [Doc. 1].

Following the completion of discovery, on January 2, 2020, Defendants HMD and Gisca (together, "Defendants") moved for partial summary judgment on two (2) of Plaintiff's claims: Count IV—

Negligence (alleged against Defendant HMD) and Count VII—Punitive Damages (sought as to Defendants HMD and Gisca). [Doc. 67]. Notably, Plaintiff's negligence claim against Defendant HMD (Count IV) seeks to hold Defendant HMD liable for its alleged negligent "hiring, qualifying, training, entrusting, supervising, and retaining" of Defendant Gisca. Compl. ¶ 73.

In an Order dated June 24, 2020 ("June 24 Order"), the undersigned granted Defendants' Motion for Partial Summary Judgment. [Doc. 84]. Specifically, in granting summary judgment to Defendants as to Plaintiff's Count IV, the Court adhered to Georgia's Respondeat Superior Rule, which provides: "where an employer admits to the applicability of *respondeat superior*, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention."[1] [Id. at 4, 13-14] (citing Kelley v. BlueLine Carriers, LLC, 300 Ga. App. 577, 685 S.E.2d 479, 483 (Ga. Ct. App. 2009)). Accordingly, because Defendant HMD admitted *respondeat superior* liability, the Court granted summary **[*3]** judgment in favor of Defendant HMD on Plaintiff's Count IV.[2] [Id. at 13-14].

Subsequent to this Court's June 24 Order, the Georgia Supreme Court issued a decision in Quynn v. Hulsey, which found "the Respondeat Superior Rule [] inconsistent with the plain language of [Georgia's] apportionment statute[,]" and thus, eliminated the Respondeat Superior Rule. See 310 Ga. 473, 850 S.E.2d 725, 729 (Ga. 2020). Consequently, Plaintiff moves the Court to reconsider its June 24 Order in light of Quynn. [Doc. 96]. Having been fully briefed, Plaintiff's motion is now ripe for the Court's review.

## II. Legal Standard

It is well settled that the decision to grant a motion for reconsideration is committed to the sound discretion of the district court. See Fla. Ass'n of Rehab. Facilities, Inc. v. Fl a. D ep 't of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003); Kramer v. Conway, 962 F. Supp. 2d 1333, 1356 (N.D. Ga. 2013). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could **[*4]** have done it better" the first time. See Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). "In other words, a party may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel

---

[1] Federal courts sitting in diversity apply the choice-of-law rules of the forum state. See McGow v. McCurry, 412 F.3d 1207, 1217 (11th Cir. 2005) (citing Trumpet Vine Invs., N.V. v. Union Cap. Partners I, Inc., 92 F.3d 1110, 1115 (11th Cir. 1996)). As applicable here, Georgia law provides that claims sounding in tort are governed by the principles of *lex loci delicti*. See Carroll Fulmer Logistics Corp. v. Hines, 309 Ga. App. 695, 710 S.E.2d 888, 890 (Ga. Ct. App. 2011) (pursuant to principles of *lex loci delicti*, the court must apply "the substantive law of the place where the tort or wrong occurred"). Thus, in the June 24 Order, the undersigned found that Georgia law governed Defendants' motion for partial summary judgment as to Plaintiff's tort claims because the underlying alleged tort occurred in Henry County, Georgia. [See Doc. 84 at 6 n.2].

[2] There is an exception to the Georgia Respondeat Superior Rule "where a plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to such employee." **Kelley, 685 S.E.2d at 483**. However, in its June 24 Order, the Court determined that this exception did not apply because Plaintiff's punitive damages claims failed. [See Doc. 84 at 13-14].

legal theories, or repackage familiar arguments to test whether the Court will change its mind." Pediatric Med. Devices, Inc. v. Indiana Mills & Mfg., Inc., 961 F. Supp. 2d 1241, 1243 (N.D. Ga. 2013).

## III. Discussion

Having laid out the relevant legal standard, the Court turns to the substance of Plaintiff's motion. Plaintiff asserts that the Georgia Supreme Court's decision in Quynn directly bears on the case at bar and requires this Court to reconsider its June 24 Order granting summary judgment in favor of Defendant HMD on Plaintiff's Count IV. [Doc. 96]. Specifically, Plaintiff seeks an order denying "Defendants' Motion for Partial Summary Judgment as to Plaintiff's claims for negligence against Defendant HMD in connection with its hiring, qualifying, training, entrusting, supervising, and retaining Defendant Gisca (Count IV)." [Id. at 6]. In support, Plaintiff points to a recent ruling from this district, Roberts v. AAA Cooper Transp., Inc. and Bush, No. 2:17-CV-00232-RWS (N.D. Ga. Jan. 6, 2021), in which Judge Story granted a plaintiff's motion for reconsideration due **[\*5]** to the intervening change of law furnished by Quynn, and thus, reversed his previous grant of summary judgment to the defendant employer regarding the plaintiff's direct negligence claims. [Id. at 5-6].

In response, Defendants argue that Plaintiff's motion for reconsideration is untimely. [Doc. 98 at 3]. As Defendants correctly note, the local rules of this district provide that motions for reconsideration "shall be filed . . . within twenty-eight (28) days after entry of the order or judgment." [Id.] (citing LR 7.2(E), NDGa.). Plaintiff filed his instant motion two hundred and ten (210) days after the undersigned's June 24 Order. [Id.] Additionally, in the event that the Court is inclined to grant Plaintiff's motion, Defendants request an opportunity to file a motion for partial summary judgment regarding Plaintiff's direct negligence claims against Defendant HMD. [Id. at 3-4]. Plaintiff consents to Defendants' request to file such a motion for partial summary judgment. [Doc. 99 at 2-3].

As an initial matter, the Court accepts Plaintiff's motion for reconsideration as timely. Plaintiff could not have filed this motion within the twenty-eight (28) day period prescribed by the local rules because **[\*6]** the purported intervening change of controlling law did not occur until November 2, 2020, one hundred and thirty one (131) days after this Court's June 24 Order. See Quynn, 850 S.E.2d 725. As provided above, a motion for reconsideration is a limited remedy that is only appropriate in certain circumstances, including where "an intervening development or change in controlling law" arises. See Arthur, 500 F.3d at 1343. Here, Plaintiff's motion is appropriate, as it presents new and controlling legal authority that did not exist at the time of the Court's June 24 Order or within the twenty-eight (28)-day period thereafter. [Doc. 84]; Quynn, 850 S.E.2d 725. Accordingly, having found Plaintiff's instant motion to be timely, the Court now discusses Quynn and applies it to the case at bar.

In Quynn, the decedent driver was struck and killed by a truck operated by one of the defendants, Hulsey, and owned by another defendant, Hulsey's employer, TriEst Ag Group, Inc. ("TriEst"). See 850 S.E.2d at 727. The trial court granted summary judgment in favor of TriEst on the plaintiff's claims for negligent entrustment, hiring, training, and supervision because TriEst admitted *respondeat superior* liability. Id. At trial, the defendants argued the decedent driver's own negligence was **[\*7]** a contributing cause of his injuries, and the jury ultimately found that the plaintiff was fifty percent (50%) at fault and the defendants were fifty percent (50%) at fault. Id. Thus, the trial court held that, pursuant to O.C.G.A. § 51-12-33(g), plaintiff was not entitled to recover damages as the decedent driver was "50 percent or more responsible

for the injury or damages claimed." Id. The Georgia Court of Appeals affirmed the trial court's grant of summary judgment in favor of defendants pursuant to the Georgia Respondent Superior Rule. Id.

On subsequent appeal, the Georgia Supreme Court granted certiorari to determine whether Georgia's apportionment statute, O.C.G.A. § 51-12-33, abrogated the Georgia Respondeat Superior Rule. Id. at 728. Upon finding that "adherence to the [Georgia] Respondeat Superior Rule [] preclude[d] the jury from apportioning fault to the employer for negligent entrustment, hiring, training, supervision, and retention[,]" the Georgia Supreme Court determined that "the [Georgia] Respondeat Superior Rule is inconsistent with the plain language of the apportionment statute." Id. at 729. Therefore, the Georgia Supreme Court held the jury was entitled to hear evidence concerning the plaintiff's negligent entrustment, hiring, **[*8]** training, supervision, and retention claims in order to properly apportion fault. Id. at 731-32.

As in Quynn, Plaintiff's Count IV similarly stems from allegations that Defendant HMD was negligent in "hiring, qualifying, training, entrusting, supervising, and retaining" Defendant Gisca. See Compl. ¶ 73. By its June 24 Order, this Court granted summary judgment as to Plaintiff's Count IV in favor of Defendants based on the Georgia Respondeat Superior Rule. [See Doc. 84]. Thus, the Court finds that Quynn directly applies to the matter at hand and further compels the Court to vacate its earlier decision and deny Defendants' motion for partial summary judgment as to Plaintiff's Count IV. See Quynn, 850 S.E.2d 725; [Docs. 84, 96].

As Plaintiff correctly indicates, at least one (1) recent decision from this district supports this result. [Doc. 96 at 5-6]. In Roberts, Judge Story granted a similar motion for reconsideration pursuant to the intervening change of law presented by Quynn. See No. 2:17-CV-00232-RWS, slip op. at 4. Based on the Georgia Supreme Court's holding in Quynn, Judge Story vacated and reversed the part of his previous order that granted the defendants' motion for summary judgment on the plaintiff's direct **[*9]** negligence claims. Id. Moreover, because defendants relied on the Georgia Respondeat Superior Rule in their previous motion for summary judgment, Judge Story provided the defendants with an opportunity to file a motion for partial summary judgment to fully address the plaintiff's claims for negligent hiring, retention, supervision, entrustment, and training. Id. at 5.

The Court finds this decision persuasive, and thus, reaches the same conclusion. Accordingly, the Court grants Plaintiff's motion for reconsideration [Doc. 96] and denies Defendants' motion for partial summary judgment as to Plaintiff's Count IV. [Doc. 67]. Further, the Court will allow Defendants the opportunity to submit a renewed motion for partial summary judgment as to Plaintiff's Count IV, should Defendants so desire.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration. [Doc. 96]. Consequently, the Court **VACATES** the portion of the June 24 Order [Doc. 84] granting Defendants' Motion for Partial Summary Judgment as to Plaintiff's Count IV, and **DENIES** Defendants' Motion for Partial Summary Judgment as to Plaintiff's Count IV. [Doc. 67].

In light of the change in law resulting **[*10]** from the Quynn decision, should Defendants wish to file a renewed motion for partial summary judgment as to Plaintiff's Count IV, they must do so within fourteen (14) days of the entry of this order.

**SO ORDERED**, this 12th day of April, 2021.

/s/ Eleanor L. Ross

Eleanor L. Ross

United States District Judge

Northern District of Georgia

---

**End of Document**