**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| RADHA BOLIVAR, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HMD TRUCKING INC, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-155<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Michael J. Dumitru |

---

**ORDER**

---

Before the Court is Plaintiffs' motion to allow remote testimony for Vanessa Hernandez Angeles and Dr. Sydney Eastman (Doc. 124.)

Federal Rules of Civil Procedure Rule 43(a) allows a court to "permit testimony in open court by contemporaneous transmission from a different location" "[f]or good cause in compelling circumstances and with appropriate safeguards." "The importance of presenting live testimony in court cannot be forgotten[,]" and "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend trial." Fed. R. Civ. P. 43, Advisory Committee Notes to 1996 amendment. "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.* "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.* "[V]ideo depositions, provide a superior means of securing the

testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses." *Id.*

The two witnesses whom Plaintiffs request be permitted to testify remotely, Vanessa Hernandez Angeles and Dr. Sydney Eastman, are outside the Court's subpoena power. (Doc. 125, at 2.) Plaintiffs offer no other reason than the distance of the witnesses from the Courthouse as to why remote testimony should be allowed. (*See id.*) Without more, Plaintiffs have failed to show compelling reasons why these two witnesses should be permitted to testify remotely.

In the alternative, Plaintiffs request leave to present each witness by video deposition. (Doc. 125, at 1.) Based on arguments during the final pretrial conference, it does not appear that either witness has been deposed by the parties even though Plaintiffs identified both individuals as potential witnesses back in April 2025 (Doc. 41) and discovery did not close until November 10, 2025 (Doc. 71). It is unclear from Plaintiffs' motion if they wish to reschedule trial to take deposition testimonies of both individuals or wish to present already captured video depositions. (*See* Doc. 125.) If video depositions of both individuals exist and the depositions comply with the Federal Rules of Civil Procedure, such video depositions shall be permitted. If Plaintiffs are requesting leave to take video depositions, Plaintiffs have not offered any reasons why this leave should be granted or why these depositions were not completed while discovery was ongoing.

Accordingly, Plaintiffs' motion to permit contemporaneous transmission of trial testimony for Vanessa Hernandez Angeles and Dr. Sydney Eastman (Doc. 124) is **DENIED**.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**