# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| RADHA BOLIVAR, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 1:24-cv-155 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| HMD TRUCKING INC, *et al.*, | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Before the Court are the parties' motions in limine (Docs. 115, 118).  On March 1, 2023, Plaintiffs Radha Bolivar and Angelica Goatache were involved in a motor vehicle collision with Defendant Antonio Wortham, a driver for Defendant HMD Trucking, Inc. ("HMD").  (Doc. 1-2, at 4.)  Defendants admit fault for the collision.  (Doc. 123, at 2.)  The issues remaining for the jury's determination are whether the collision was the cause of Plaintiffs' injuries and the amount of damages, if any, sustained as a result of the collision.  (*Id.*)

On July 7, 2026, the Court conducted a final pretrial conference.  Based on the parties' briefs and arguments made during the final pretrial conference, the Court rules as follows:

## I. PARTIES AGREED UPON EXCLUSIONS

On June 30, 2026, the parties filed a proposed pretrial order that identified several motions in limine that the parties agree to and are no longer at issue:

(1) Exclusion of testimony or evidence regarding punitive damages
(Plaintiffs' motion in limine number 3; Defendants' motion in limine number 9)

(2) Exclusion of testimony or evidence regarding direct negligence claims against HMD
(Plaintiffs' motion in limine number 3; Defendants' motion in limine number 8)

(3) Exclusion of testimony or evidence related to corporate evidence of HMD

(4) Exclusion of testimony or evidence related to settlement negotiations
(Defendants' motion in limine number 3)

(5) Exclusion of testimony or evidence related to Rule 68 offers of judgment

(6) Exclusion of testimony or evidence related to insurance, write-offs, or discounts
(Defendants' motion in limine number 5)

(7) Exclusion of testimony or evidence not previously produced
(Plaintiffs' motion in limine number 7; Defendants' motion in limine number 1)

(8) Exclusion of testimony or reference to motions in limine and rulings made outside the
presence of the jury
(Plaintiffs' motion in limine number 9; Defendants' motion in limine number 4)

(Doc. 123, at 2–3.)  Given the parties' agreement, the Court will **GRANT** these motions.

## II.      PLAINTIFFS' MOTIONS IN LIMINE

### A.      Plaintiffs' Motion in Limine No. 1: Any other accident involving Plaintiffs and any unsupported alternative-cause inference absent an evidentiary predicate

Plaintiffs move the Court to exclude "evidence and argument concerning any other accident involving either Plaintiff, including the April 2024 Kansas City accident and any alleged prior incident, unless Defendants first lay a foundation, through competent evidence, connecting that accident to the specific injuries claimed in this case[.]"  (Doc. 118, at 2.)  They further request the Court "require segregation of any treatment Defendants affirmatively connect to a different accident; and that the Court bar Defendants from arguing or inviting the jury to infer any alternative cause of Plaintiffs' injuries that no witness has supplied."  (*Id.* at 2–3.)

During the final pretrial conference, Plaintiffs' counsel expressed concern that Defendants would introduce two accidents that involved Plaintiff Bolivar—one prior to the accident in this case in 2018 and one after the accident in this case in 2024—and that those accidents are irrelevant.

2

However, there is proof in the record that Plaintiff Bolivar suffered back injuries in those two accidents and those injuries are relevant to the matter at hand. Reviewing Plaintiff Bolivar's life care plan, he seeks future medical costs related to back injuries and stated to Dr. Smith that his back was injured in the two other accidents. (Doc. 115-8, at 6, 9–10.) Plaintiff Bolivar's medical records from the subsequent 2024 accident similarly state that he suffered spasms and pain in his lower back. The prior and subsequent accidents are relevant to whether Plaintiff Bolivar's back injuries were caused by the accident in this case and if the damages he seeks for those injuries are appropriate.

In their motion in limine, Plaintiffs further argue that Dr. Schaffer's testimony should be limited to preclude him from testifying that the 2018 or 2024 accidents caused Plaintiffs' injuries. (*See* 118, at 6.) It is unclear at this point based on the evidence provided that Dr. Schaffer is unqualified to testify on injuries Plaintiffs possibly incurred in the 2018 or 2024 accidents, but if it becomes clear, Plaintiffs can make any applicable objections. Accordingly, Plaintiffs' first motion in limine is **DENIED** to the extent is seeks to exclude testimony or evidence regarding Plaintiffs' prior and subsequent vehicle accidents.

B. **Plaintiffs' Motion in Limine No. 2: Bolivar's prior 2018 accident, driver's license status, and traffic fines**

Plaintiffs' second motion in limine requests that the Court exclude "all evidence and argument regarding Plaintiff Bolivar's suspended driver's license and any unpaid traffic fines, and . . . evidence of his 2018 Florida accident, absent a foundation connecting it to the body parts and injuries at issue here." (Doc. 118, at 6.) "Defendants do not oppose Plaintiffs' motion in limine on the issue of Plaintiff Bolivar's Driver-License Status and/or traffic fines." (Doc. 129, at 5.) The remaining issue—evidence of his 2018 Florida accident—as discussed above is relevant to the issues in this case—whether the 2023 accident caused Plaintiff Bolivar's back

3

injuries or contribute to his future damages request.  Accordingly, Plaintiffs' request that

Plaintiff Bolivar's suspended driver's license and any unpaid traffic fines be excluded is

**GRANTED**, and Plaintiffs' request that evidence of the 2018 accident be excluded is **DENIED**.

### C. Plaintiffs' Motion in Limine No. 4: Settlement negotiations, Rule 68 offers, and arguments blaming Plaintiffs for pursuing their claims

Plaintiffs' fourth motion in limine requests "that the Court exclude all evidence and

argument concerning settlement negotiations, settlement offers or demands, and the parties' Rule

68 offers of judgment[.]"  (Doc. 118, at 8.)  They also request that the Court "bar Defendants

from arguing or implying that Plaintiffs are blameworthy for bringing this case, for declining to

settle, or for seeking damages, and from any 'golden rule' or 'send a message' appeal."  (*Id.*)

The parties agree to Plaintiffs' request to exclude evidence and arguments concerning

settlement negotiations, settlement offers or demands, and the parties' Rule 68 offers of

judgment; the Court will **GRANT** this exclusion.

Defendants oppose the exclusion "to the extent Plaintiffs seek to preclude Defendants

from arguing that Plaintiffs are not entitled to recover damages, or from presenting evidence

bearing on Plaintiffs' motivation, credibility, or the legitimacy of their claimed injuries[.]"  (Doc.

129, at 9.)  The Court will **RESERVE RULING** on this motion subject to specific objections

made at trial.

### D. Plaintiffs' Motion in Limine No. 5: Collateral-Source Evidence

"The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing

damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that

are collateral to the tortfeasor." *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir.

1994).  Plaintiffs request "that the Court bar all evidence and argument concerning insurance

payments, contractual or other write-offs, discounted or 'reasonable' reductions of billed

4

charges, and liens; and confirm that Plaintiffs may submit their full, undiscounted medical charges as proof of reasonable medical expenses." (Doc. 118, at 9.) Defendants do not oppose Plaintiffs' request to exclude evidence of insurance, write-offs, and discounts, but oppose Plaintiffs' request to exclude liens. (Doc. 129, at 10–11.) Defendants contend that Plaintiffs have two "Notices of Physicians' Lien" filed by Advanced Injury Care that establish its "right to recover medical care costs rendered to Plaintiffs directly from any injury settlement, including but not limited to damages awarded at trial." (*Id.*) Based on the information provided to the Court, it appears that the liens would not reduce the damages owed to Plaintiffs, and therefore, are not subject to the collateral source rule.

Proof of a witness's bias is "almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). During the final pretrial conference, Defendants argued that Dr. Stahle, one of Plaintiffs' witnesses, treated the Plaintiffs in return for these liens. It is unclear based on the evidence provided to the Court at this time what, if any, financial stake or interest Dr. Stahle might have, but if Dr. Stahle has a financial interest in the outcome of this case, that evidence is relevant. Accordingly, Plaintiffs' collateral source rule motion in limine is **GRANTED IN PART** to exclude evidence of insurance, write-offs, and discounts, and the Court **RESERVES RULING** subject to specific objections made at trial on the medical liens.

E.    **Plaintiffs' Motion in Limine No. 6: Employment records and the absence of any wage-loss or earning-capacity claim**

Plaintiffs request "that the Court exclude Plaintiffs' employment, payroll, and gig-platform records, including the DoorDash and Wal-Mart Spark records, and any argument that

5

Plaintiffs' work activity demonstrates the absence or minimization of their injuries." (Doc. 118, at 10.) Plaintiffs state that such evidence is irrelevant and would be prejudicial to Plaintiffs.

Plaintiff Bolivar's employment activity as a driver is relevant because he seeks damages for psychotherapy related to anxiety he experiences when driving after the accident. (Doc. 115-8, at 5–7, 9.) Plaintiff Bolivar's employment records' probative value outweighs any likely prejudice that may occur. Accordingly, Plaintiffs' motion in limine to exclude Plaintiffs' employment records and activities is **DENIED**. However, the parties are free to raise any other objections that may arise during trial.

> **F.** **Plaintiffs' Motion in Limine No. 8: When Plaintiffs consulted or retained counsel**

Plaintiffs request the Court "to bar any question, evidence, or argument concerning when either Plaintiff first consulted or retained an attorney." (Doc. 118, at 11.) The accident occurred on March 1, 2023, while Plaintiffs were in midst of moving to Missouri. (Doc. 129, at 16.) Plaintiffs retained counsel on March 12, 2023 and sought medical treatment on March 15, 2023 with help from their attorney. (*Id.*; Doc. 129-5.) Although there may be some probative value of this evidence, it is substantially outweighed by confusion of the issues, misleading the jury, and wasting time. Accordingly, Plaintiffs' motion in limine to exclude when Plaintiffs consulted or retained counsel is **GRANTED**.

## III. DEFENDANTS' MOTIONS IN LIMINE

> **A.** **Defendants' Motion in Limine No. 2: Sequester non-party, lay witnesses from trial**

Defendants request that the Court order non-party, lay witnesses be sequestered and that lay witnesses not discuss the case with other witnesses. (Doc. 115, at 5.) Plaintiffs' do not oppose this motion in limine. Accordingly, Defendants' second motion in limine is **GRANTED**.

> **B.** **Defendants' Motion in Limine No. 6 and 7: "Golden Rule"**

6

Defendants request to exclude "the 'Golden Rule Appeal' to the jury and exclude any and all evidence, argument, and/or testimony regarding the ethical or moral obligations of Defendants[,]" and "to preclude Plaintiffs from making improper appeals to the sympathies of the jurors by asking that the jurors try to imagine themselves in the position of the Plaintiffs[.]" (Doc. 115, at 6–7.) Plaintiffs do not oppose these two motions in limine. Therefore, Defendants' sixth and seventh motions in limine are **GRANTED**.

### C. Defendants' Motion in Limine No. 10: Defendant Wortham's driving history

Defendants' tenth motion in limine requests that the Court "exclude evidence of or reference to Mr. Wortham's driving history, including driver's license history, accident history, or other citations." (Doc. 115, at 8.) Plaintiffs do not oppose this motion in limine. (Doc. 132, at 1–2.) Accordingly, Defendants' tenth motion in limine is **GRANTED**.

### D. Defendants' Motion in Limine No. 11: Unrecorded inward-facing camera

Defendants move to exclude "evidence of or reference to additional, unrecorded, or non-existent dash camera footage[,]" specifically an inward-facing camera. (Doc. 116, at 7–8.) Plaintiffs do not "intend to argue that inward-facing footage should exist, that its absence reflects concealment, or that HMD's camera policies were improper." (Doc. 132, at 4.) Accordingly, Defendants' motion to exclude the evidence or reference of the inward-facing camera is **GRANTED**.

### E. Defendants' Motion in Limine No. 12: Any discipline or reprimands of Defendant Wortham by Defendant HMD

Defendants' twelfth motion in limine requests the Court "exclude evidence or reference to subsequent discipline or reprimands of defendant Wortham by HMD Trucking pursuant to the Federal Rules of Evidence Rules 401, 402, 403, and 407." (Doc. 115, at 9.) Plaintiffs do not

7

oppose this motion (Doc. 132, at 2), and, therefore, Defendants' twelfth motion in limine is **GRANTED**.

**F.**     **Defendants' Motion in Limine No. 13: Heightened duty of care and "Reptile Theory"**

Defendants' thirteenth motion in limine requests the Court "exclude evidence of or argument suggesting a heightened duty of care and prohibit 'Reptile Theory' tactics pursuant to Federal Rules of Evidence 401, 402, and 403." (Doc. 115, at 9.) The Court will **RESERVE RULING** on this motion subject to specific objections made at trial.

**G.**     **Defendants' Motion in Limine No. 14: Defendant Wortham's conflicting statements related to the accident**

Defendants' fourteenth motion in limine requests that the Court "exclude evidence of, or reference to, alleged conflicting statements, whether written or oral, by Mr. Wortham concerning the events surrounding the [accident] or the manner in which the [accident] occurred[.]" (Doc. 115, at 9.) Defendant Wortham's statements about the accident may become relevant at trial. Therefore, the Court will **RESERVE RULING** on this motion subject to specific objections made at trial.

**H.**     **Defendants' Motion in Limine No. 15: Dr. Smith's future medical costs**

Defendants request that the Court exclude Dr. Smith's "ability to testify regarding future medical costs pursuant to Federal Rules of Evidence 702, 703, and 403." (Doc. 115, at 9.) Motions to exclude an expert witness's testimony pursuant to Federal Rule of Evidence 702 were ordered to be filed "no later than **December 8, 2025**." (Doc. 71, at 2.) Defendants' motion to exclude Dr. Smith's testimony about future medical costs is made pursuant to Federal Rule of Evidence 702 and was filed June 22, 2026. (Doc. 115.) Accordingly, Defendants' fifteenth motion in limine is **DENIED**; any Federal Rule of Evidence 403 objections can be addressed during the trial if necessary.

8

**I.       Defendants' Motion in Limine No. 16: Prior lawsuits involving HMD**

Defendants' sixteenth motion in limine is to exclude any reference "relating to prior lawsuits involving HMD Trucking[.]" (Doc. 115, at 9.) Plaintiffs do not oppose this motion in limine. (Doc. 132, at 2.) Therefore, Defendants' sixteenth motion in limine is **GRANTED**.

**J.       Defendants' Motion in Limine No. 18: Plaintiffs' incurred medical charges**

Defendants' eighteenth motion in limine requests to exclude "testimony of Plaintiffs' treating physicians regarding Plaintiffs' incurred medical charges or opinions outside of that contained in their medical records[.]" (Doc. 115, at 10.) Tennessee Code § 24-5-113 provides that, in a personal injury case, there shall be a rebuttable presumption that medical, hospital, or doctor bills are reasonable if those bills are served upon the other parties at least ninety-days prior to the date set for trial, but that presumption applies "provided[] that the total amount of such bills does not exceed the sum of four thousand dollars ($4,000)." Tenn. Code Ann. § 24-5-113. Any party wishing to rebut such a presumption "shall serve upon the other parties, at least forty-five [] days prior to the date set for trial, a statement of that party's intention to rebut the presumption. Such statement shall specify which bill or bills the party believes to be unreasonable." Tenn. Code Ann. § 24-5-113(b)(2).

Plaintiffs state they "served itemized medical bills and summaries on defense counsel on September 19, 2025, more than ninety days before the July 27, 2026 trial[.]" (Doc. 132, at 12.) During the final pretrial conference, Defendants stated that they rebutted Plaintiffs' medical bills by designating John Kocke as an expert who will testify that the charges are not reasonable. First, it is unclear if the bills that Plaintiffs provided are under $4,000 to trigger the presumption under Tennessee Code § 24-5-113. Second, based on the information provided to the Court at this time, it is unclear if Defendants properly rebutted the presumption by specifying what bill or

9

bills they believe are unreasonable.  Therefore, the Court will **RESERVE RULING** on this motion subject to specific objections made at trial.

> **K.      Defendants' Motion in Limine No. 19: References to people that are present or not present in the courtroom**

Defendants' nineteenth motion in limine requests that the Court bar "any reference to persons, present or not present in the courtroom at any time during trial, including observers of the trial or inquiries regarding the identity of any observers." (Doc. 115, at 10.)  Plaintiffs do not oppose this request.  (Doc. 132, at 1–2.)  Accordingly, Defendants' nineteenth motion in limine is **GRANTED**.

> **SO ORDERED.**

> /s/ *Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**

10