# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| RADHA BOLIVAR, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:24-cv-155 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| HMD TRUCKING INC, *et al.*, | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court are Defendants' motions in limine to exclude Plaintiffs' three video animations (Doc. 115).

On March 1, 2023, Plaintiffs Radha Bolivar and Angelica Goatache were involved in a motor vehicle collision with Defendant Antonio Wortham, a driver for Defendant HMD Trucking, Inc. ("HMD"). (Doc. 1-2, at 4.) Defendants admit fault for the collision. (Doc. 123, at 2.) The issues remaining for the jury's determination are whether the collision was the cause of Plaintiffs' injuries and the amount of damages, if any, sustained as a result of the collision. (*Id.*)

On July 7, 2026, the Court conducted a final pretrial conference and requested that the parties submit additional briefing regarding the three video animations.

## I.      STANDARD OF LAW

Federal Rule of Evidence 107 permits a "party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading

the jury, undue delay, or wasting time." According to the advisory committee notes of Rule 107, an "illustrative aid" is different than "demonstrative evidence." Fed. R. Evid. 107, Advisory Committee Notes to 2024 amendment (explaining that demonstrative evidence is offered to prove, by demonstration, a disputed fact, and illustrative aids are mean to help the trier of fact understand what is being communicated to them by a witness). Illustrative aids are "pedagogical devices" to help the factfinder better understand what is being presented to them. *Id.*

Federal Rule of Evidence 403 states that the "[C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## II.     ANALYSIS

### A.     Surgical Video

Defendants request that Plaintiffs' surgical animation video be excluded. (Doc. 116, at 15.) Plaintiffs have agreed to "withdraw the surgical animation and will not offer it at trial." (Doc. 139, at 1.) Therefore, Defendants' motion in limine to exclude Plaintiffs' surgical animation video is **GRANTED**.

### B.     "Mechanism of Injury" Video

Defendants also request that Plaintiffs' "mechanism of injury" video be excluded because it "advances Plaintiffs' causation theory in visual form by depicting vehicle movement, occupant movement inside the vehicle, and the alleged biomechanical forces supposedly sufficient to produce injury." (Doc. 136, at 5.) Plaintiffs contend that the "mechanism of injury" video serves two purposes: (1) to examine Defendants' expert witness, Dr. Schaffer, "about the basis of his causation opinion[,]" and (2) illustrating Plaintiff "Bolivar's live testimony about what happened to his body inside the vehicle." (Doc. 139, at 2.)

2

Plaintiffs' first argument that the video will be used to impeach Dr. Schaffer is unpersuasive. Plaintiffs showed Dr. Schaffer, Defendants' expert, the video during his deposition, and he stated that he had no idea how the video was created and asked whether any calculations regarding force had been done when creating the "mechanism of injury" video. (Doc. 139, at 2.) Plaintiffs argue that Dr. Schaffer's own causation opinion fails the very standard he demanded of the "mechanism of injury" video—a biomechanical model, validated by experts and peer-reviewed. (Doc. 139, at 2–3.) This theory of admissibility is an invitation to confuse the issues, waste time, and mislead the jury. Litigating whether an otherwise inadmissible exhibit meets a witness's supposed standards ensures that the jury's time is pointed away from the issues at hand. The purported value in impeachment is suspect, to say the least, and the negative impact on the trial will be substantial. Whether Dr. Schaffer had questions about the video is all but irrelevant to this action. Inviting a fight over that video would encourage the jury to fixate on a tangential argument with, at its center, an attractive video depicting an animation unsupported by expert testimony. Therefore, under Federal Rule of Evidence 403, Plaintiffs cannot show the "mechanism of injury" video to impeach Dr. Schaffer because its probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time.

Plaintiffs' second argument is that the video will illustrate Plaintiff "Bolivar's live testimony about what happened to his body inside the vehicle." (Doc. 139, at 2.) However, the video animation of what happened to Plaintiff Bolivar's body during the accident is an anatomical rendering that shows very specific images of Plaintiff Bolivar's labrum inside his body being jostled and torn followed by an MRI image of Plaintiff Bolivar's shoulder. Although Plaintiff Bolivar may testify about the accident and what he experienced during the accident,

3

there has been no suggestion that he has knowledge to satisfy Federal Rule of Evidence 602 with regard to the specific mechanisms of internal trauma.  Unless Plaintiff Bolivar can present evidence to the contrary at trial, the Court will not allow introduction of the video on this basis.

Further, Federal Rule of Evidence 107 allows for illustrative aids when it will help the factfinder understand evidence, but Plaintiff Bolivar's testimony about the car accident is not a complicated topic that would be hard for a jury to understand without the aid.  The video's utility in assisting comprehension is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time, given the limitations on Plaintiff Bolivar's testimony discussed above.  Accordingly, Defendants' motion in limine to exclude the "mechanism of injury" video is **GRANTED**.

### C.    Shoulder Anatomy Video

Defendants move to exclude the video animation of Plaintiff Bolivar's labral tear in his left shoulder.  (Docs. 116, at 14–18; 136, at 7–10.)  Plaintiffs state that the shoulder anatomy video illustrates Dr. Smith's disclosed diagnoses.  (Doc. 139, at 7.)  The video depicts the anatomy of a shoulder and at times overlays that anatomy with what appears to be MRI imaging of Plaintiff Bolivar's shoulder.  The video has computer generated narration and text that states medical findings.  Dr. Smith is free to use images of shoulder anatomy and, with a properly laid foundation, medical images of Plaintiff Bolivar's shoulder.  However, the shoulder-anatomy video goes beyond an illustrative aid by providing narration of medical findings.  The shoulder-- anatomy video's utility in assisting comprehension is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.  Therefore, Defendants' motion in limine to exclude the shoulder-anatomy video as presented to this Court at this time is **GRANTED**.  However, if the narration and text are removed from the video, Dr. Smith may be

4

y

able to use an updated shoulder-anatomy video as an illustrative aid if it otherwise complies with

the Federal Rules of Evidence.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

5